The People of the State of New York ex rel. Charles Ear-wicker, Appellant, v. Michael J. Dillon and Others, Constituting the Town Board of the Town of New Rochelle, Respondents.

*The offices of justice of the peace and town clerk cannot be held by the same person.*

The offices of justice of the peace of a town and of town clerk are incompatible, and the acceptance of the office of town clerk by a justice of the peace will render the office of the latter vacant.

Goodrich, P. J., dissented.

Appeal by the relator, Charles Earwicker, from a final order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 15th day of December, 1898, denying the relator's application for a peremptory writ of mandamus commanding Michael J. Dillon and others, constituting the town board of the town of New Rochelle, to forthwith meet and appoint a justice of the peace of the said town of New Rochelle to fill a vacancy alleged to exist in said office.

*R. McKinlay Power*, for the appellant.

*Michael J. Tierney*, for the respondents.

Woodward, J.:

Some time prior to March, 1898, Augustine Smith was elected as a justice of the peace of the town of New Rochelle. On the 29th day of that month, and while holding the office to which he had previously been elected, Mr. Smith was chosen by the electors of the town of New Rochelle as town clerk. This latter office Mr. Smith accepted, and the relator claims that by this act the office of justice of the peace became vacant, and he asks for a writ of mandamus to compel the town board to meet and fill such vacancy, as provided by law.

The question presented is whether the two offices are incompatible within the meaning which the courts have given to that word. It is conceded that there is no vacancy within the provisions of section 20 of chapter 681 of the Laws of 1892, which prescribes the conditions under which all offices shall be deemed vacant; but it is urged that by accepting the second office the first became vacant, by reason of the

incompatibility of the two. There is no doubt that considerations. of public policy justify the courts in holding that the acceptance of a second office, incompatible with the first, operates to produce a vacancy in the latter, although there seems to have been great reluctance on the part of judicial tribunals to reach this conclusion in the presence of the actual question.. In the case of *Commonwealth* v. *Kirby* (2 Cush. 577, 580) the court say : "No incompatibility, as to holding the two offices of justice of the peace and constable, being declared in direct terms by the constitution or by any statute of the commonwealth, we are not prepared to say that the acceptance of the office of constable by a justice of the peace would vacate the latter office." The court adds, however, that " A very different case would be presented, if the defendant had attempted to exercise the two functions of a justice of the peace, in issuing a warrant, and of a constable, in serving the same warrant." Just what difference it would have made in determining the question which the court was considering it is difficult to say, but it indicates that there was a degree of uncertainty on the question of the real effect of accepting the second office..

Angell & Ames on Corporations (11th ed. § 434) says: "A resignation by implication may not only take place by an abandonment of the official duties, as before mentioned, but also by being appointed to and accepting a new office incompatible with the former one. It was supposed at one time that such a resignation could only be where the second office is superior to the former. It has, however, been determined to be unimportant, and that if one holding a superior office accept a subordinate one that is incompatible, the appointment to the second operates to vacate the former. * * * Where the offices are not in fact incompatible, acceptance of a second may be a resignation of the first, on account of the form of the Constitution ; for it is not to be presumed that when the government constitutes a certain number of distinct offices it means that the corporation may consolidate two or more of them in one person." In the case of *Milward* v. *Thatcher* (2 T. R. 81, 87) the court held that "If the corporation consist of a mayor, recorder, town clerk and twelve aldermen, the recorder or town clerk cannot be an alderman, although there be no inconsistency in the duties of the two officers, for such a method of electing would

reduce the corporation to a mayor and twelve or thirteen other officers, instead of fourteen, of which it ought invariably to consist." (Willc. Mun. Corp. 243.)

Under the provisions of chapter 20 of the General Laws (The Town Law, Laws of 1890, chap. 569, § 160), "The supervisor, town clerk and the justices of the peace, or any two of such justices, shall constitute the town board in each town." This town board is authorized to audit the accounts of the justices of the peace, as well as of the town clerk, both of whom are allowed two dollars per day for each day actually and necessarily spent in the service of the town (§ 178) besides certain fees. The respondent Smith, if permitted to hold both of these offices, may either have two votes in deciding upon his own claims before the town board, or the town board must be deprived of the full number of members provided for by law. In either event, considerations of public policy would be overlooked for the personal aggrandizement of the individual. Smith might be drawing a salary of two dollars per day while serving on the town board as town clerk, at the same time that he was drawing an equal amount for performing his duties as a justice of the peace in the same body, and while conserving his own interest as a member or members of the auditing board. There are other matters in which the duties of the two offices are incompatible in a measure, but none of them in which considerations of public policy so obviously demand that the two offices should be separated.

In *People* v. *Carrique* (2 Hill, 93) it was held that the appointment of a person to a second office, incompatible with the first, is not absolutely void; but on his subsequently accepting the appointment and qualifying, the first office is *ipso facto* vacated. This was a case in which the question arose over the appointment of a justice of the peace to the office of justice of the Justices' Court of the city of Hudson, and the case went no farther than the general assertion of the proposition stated, and gives little aid in the solution of the question involved here.

Dillon on Municipal Corporations (4th ed. § 227) says: "Whether offices are incompatible depends upon the charter or statute, and the nature of the duties to be performed. The same man cannot be judge and minister in the same court, and hence the offices are not compatible. Where the recorder is an adviser to the mayor, the

two offices cannot be held together." (Citing Willc. Mun. Corp.)
In *Bryan* v. *Cattell* (15 Iowa, 538) the rule was laid down that
" Incompatibility in offices exists where the nature and duties of the
two offices are such as to render it improper, from considerations of
public policy, for one incumbent to retain both." This seems to
have been the long-accepted rule, for in Bacon's Abridgement (Vol.
7, tit. " Offices and Officers," p. 314) we are told that " The corpora-
tion of Hastings consists of a mayor, twelve jurats, freemen, and a
town clerk, which latter is elected by the others, and the jurats sit
as judges in a court of record, and hold pleas of the crown ; and
any two of them with the mayor may hold a court, but all the
jurats have a right to attend as judges without being summoned.
It was holden that the acceptance of the office of town clerk, though
an inferior office, vacated that of jurat, for that these two offices
were incompatible, notwithstanding there were several instances
within the borough of their having been vested in the same person."
Again, he says, on the same page : " So, also, it was held that the
offices of town clerk and alderman in the borough of Weymouth
were incompatible ; for the power of removing the town clerk
being in the mayor, aldermen and bailiffs, he would as alderman
have to vote on the question as to his own amotion. And the
mayor, aldermen and bailiffs having the power of varying or dis-
continuing the town clerk's salary, he would as alderman have to
vote also on that question." The duties of the town board are, in
this respect, much the same as the duties of a board of aldermen ;
they are the auditing board for town accounts. The town clerk and
justices of the peace being members of that body, it is obviously
against public policy that the two offices should be held by one
individual.

The order appealed from should be reversed, and the peremptory
writ of mandamus should issue.

All concurred, except GOODRICH, P. J., who read for affirmance.

GOODRICH, P. J. (dissenting) :

I dissent from the opinion of Mr. Justice WOODWARD for three
reasons : *First.* There is no statute declaring Smith's office of jus-
tice of the peace " vacant " because, while such justice, he accepted
the office of town clerk. Therefore, I think mandamus does not lie

until a vacancy has been declared in a proper proceeding for that purpose. (*People ex rel. Wilson* v. *Board of Trustees,* 59 Hun, 204, 206; affd., without opinion, 128 N. Y. 657. See, also, *Cronin* v. *Stoddard,* 97 id. 271; and *Foot* v. *Stiles,* 57 id. 399.)

*Second.* I do not think the offices are incompatible, because the justice of the peace and the town clerk are members of the town board, and that board audits the compensation of both officers. This is also the case as to the compensation of the town clerk or a justice, when either holds that office alone. The town board of which such officer is a member must audit the account of such officer, he being one of its members, as directed by sections 160 and 162 of the Town Law (Laws of 1890, chap. 569). So, also, section 58 recognizes the right of a justice of the peace to hold the office of supervisor, and as the supervisor is a member of the town board he is not forbidden to act as a member of such board in auditing his own accounts as a justice of the peace.

*Third.* I should be influenced by the suggestion that the policy of the law forbids the holding of two offices by one person, if it were not that there is no such statutory provision applicable to the offices of justice of the peace and the town clerk, and that the contrary right of a justice of the peace to hold another office, viz., that of a supervisor, is expressly recognized by section 58 of the Town Law.

I think the order should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.