PEOPLE ex rel. SCHENECTADY ILLUMINATING CO. v. BOARD OF SUP'RS OF SCHENECTADY COUNTY. (No. 370/93.)

(Supreme Court, Appellate Division, Third Department. March 3, 1915.)

COUNTIES (§ 122*)—CONTRACTS—INDIVIDUAL INTEREST OF OFFICER.

At common law an officer of a municipality cannot bargain with himself, and where a member of the board of supervisors of a county held a share of stock in an illuminating company, and was secretary and treasurer of the company, a sale by such corporation of electric lamps to the board of supervisors for use in the courthouse was void, regardless of whether there was a violation of Penal Law (Consol. Laws, c. 40) § 1868, providing that if a public officer, authorized to make any contract in his official capacity, voluntarily becomes interested individually, he is guilty of a misdemeanor.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 82, 136, 181, 182; Dec. Dig. § 122.*]

Kellogg, J., dissenting.

Appeal from Special Term, Schenectady County.

Application for mandamus by the People, on relation of the Schenectady Illuminating Company, against the Board of Supervisors of the County of Schenectady. From an order denying the application (151 N. Y. Supp. 830), relator appeals. Order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Naylon & Robinson, of Schenectady (Daniel Naylon, Jr., of Schenectady, of counsel), for appellant.

Arthur S. Golden, of Schenectady, for respondent.

HOWARD, J. James O. Carr is a member of the board of supervisors of Schenectady county. He is also a stockholder of the Schenectady Illuminating Company, and is the secretary and treasurer of that company. He has, however, no substantial financial interest in that company, being the owner of only one share of stock. The stock of the company is owned by the General Electric Company, except that the directors of the relator are each the owner of one share of stock; this single share having been issued to each of these individuals for the purpose of qualifying each to act as a director. The relator, the Sche

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nectady Illuminating Company, sold certain electric lamps to the board of supervisors for use in the courthouse. The price charged for the lamps was regular, ordinary, and proper. The total amount of the bill was only $7.44, and the lamps were sound and perfect and worth the money. No fraud is charged in the transaction; no intimation of undue influence or political pull. The question arises, however, whether the sale from the relator to the county under these circumstances was legal.

In this proceeding the board of supervisors rejected the claim upon the theory that the sale of the lamps was in violation of section 1868 of the Penal Law. That section, so far as material, reads as follows:

"A public officer * * * authorized * * * to make any contract in his official capacity, or to take part in making any such * * * contract, who voluntarily becomes interested individually in such * * * contract, directly or indirectly, * * * is guilty of a misdemeanor."

. I doubt whether the section was violated. Carr knew nothing about the making of the contract, and therefore did not become voluntarily interested. But if this contract should be declared void for other reasons, it is not necessary to hold that Carr, acting as a supervisor, knowingly made this contract, or that he committed a crime.

A law which existed before the statute existed forbade the contract. A principle, if not a statute, has been violated in this instance. In Beebe v. Supervisors of Sullivan County, 64 Hun, 377, 19 N. Y. Supp. 629, it was said:

"The illegality of such contracts does not depend upon statutory enactments. They are illegal at common law. It is contrary to good morals and public policy to permit municipal officers of any kind to enter into contractual relations with the municipality of which they are officers. And this principle applies with particular force to members of a board like a board of supervisors, which not only makes the contract, but subsequently audits the bill."

In Smith v. City of Albany, 61 N. Y. 445, the court said:

"If, then, the seller were permitted, as the agent of another, to become the purchaser, his duty to his principal and his own interest would stand in direct opposition to each other; and thus a temptation, perhaps in many cases too strong for resistance by men of feeble morals or hackneyed in the common devices of worldly business, would be held out, which would betray them into gross misconduct, and even into crime. It is to interpose a preventive check against such temptations and seductions that a positive prohibition has been found to be the soundest policy, encouraged by the purest principles of Christianity. This doctrine is well settled at law. And it is by no means necessary in cases of this sort that the agent should make any advantage by the bargain. Whether he has or not, the bargain is without any obligation to bind the principal."

Under these authorities an official cannot bargain with himself as an individual. Can he bargain with himself as an officer of a corporation, or with a corporation in which he is an officer? That is the question presented here. Carr was a public officer, and as such was authorized to take part in making contracts on behalf of the county of Schenectady. It was his duty also to participate in auditing, or in refusing to audit, all bills presented to the county. He was the secretary and treasurer of the relator—its chief executive officer.

As such it was his duty to endeavor to conduct the business of the company successfully. It was his duty, in every legitimate way, to promote the sale of the company's wares and products. It was to his interest to be alert and active in this respect; for it is to the active servant, not to the slothful, that promotion comes. Although he knew nothing of this particular transaction, it was one of the details which was the result of his supervision and management. And he was necessarily interested in it, because, as secretary and treasurer of the company, he was interested in the general prosperity of the company. He was the agent of two principals with conflicting interests—agent of the board of supervisors, whose interest it was to buy as cheaply as possible; agent of the relator, whose interest it was to sell as advantageously as possible. He did not in fact act for either; but he was interested for each.

A public official can no more bargain with himself, or approve of a bargain made with himself, as an officer of a corporation, than with himself as a private individual; neither can he bargain nor approve of a bargain made with the corporation of which he is an officer. The principle violated in each instance is the same. Carr was indirectly interested in the sale of these lamps; as a supervisor he was called upon to pass upon the fairness of the contract. Acting in this double official capacity—that is, as an official of the company and as an official of the county, he was serving two masters, whose interests were in conflict. It is the fixed policy of the law to avoid this, and to avoid all the manifold evils and temptations which are sure to grow out of it. The amount involved is insignificant; but it is not substance, it is principle, with which we are dealing. Of course, if a large sum of money were involved, so that a rejection of the bill would work great hardship and injury upon the relator, we might adhere to the principle, but make an exception of this case in order to work out equity; but there is no occasion to do so here. This has been brought practically as a test case, and our determination is to be a guide for the future conduct of the officials of Schenectady county and of other counties. If we are to be lax in our construction of the law, and grant any license whatever to public officials to bargain with themselves, such a license will quickly be expanded in every direction, until the vice which the law is designed to obliterate will grow and thrive enormously. If we order this bill audited, our decision will be cited on every occasion in the future where illegal dickering between officials and their private interests may occur.

The contract should be declared void, and the order of the Special Term affirmed. All concur, except KELLOGG, J., who dissents.