FRANK RYSZKA, Plaintiff, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 6 and Another, Defendants.

Supreme Court, Erie County, February 27, 1926.

Schools — taxpayer's action to restrain payment of unpaid balance of contract price for repairs to school building — member of board of education of city of Lackawanna employed and supervised labor for contractor and received payment therefor — evidence showed labor and work were done in workmanlike manner — acts of all parties were done in good faith without loss — complaint dismissed.

The complaint in a taxpayer's action to restrain payment of an unpaid balance by defendant board of education of the city of Lackawanna, due under a contract for repairs to a school building, and for the repayment of sums already paid, should be dismissed without costs, notwithstanding the fact that a member

of said board agreed with the contractor at a designated sum per hour to employ and supervise the labor on the building, where the evidence shows that the work was done in a workmanlike manner, that the materials furnished were of proper quality, and that the amounts paid for labor did not exceed the prevailing rate for labor in the community at the time the work was done.

Moreover, it would be inequitable to grant the relief asked for in the complaint since, though the arrangement between the board member and the contractor warrants severe criticism, all the acts and transactions were done in good faith and neither the board of education nor the city suffered loss thereby. .

TAXPAYER'S ACTION to restrain payment by board of education of unpaid balance due under construction contract and to compel repayment of sums already paid.

*Locke, Babcock, Hollister & Brown,* for the plaintiff.

*John J. Sullivan,* for the defendant Union Free School District No. 6.

*Falk, Phillips & Schlenker,* for the defendant Bouley & Buck Lumber Corporation.

HARRIS, J. The plaintiff is a taxpayer qualified to bring such action; the defendants are the Bouley & Buck Lumber Corporation and the members of the board of education of union free school district No. 6 in the city of Lackawanna.

The board of education above referred to had charge of School No. 2 in said city of Lackawanna. Due to the change of the heating system in such school, which changes were completed on or about August 1, 1924, it became necessary to paint and to make other repairs to the school so as to have the same completed before the opening of the fall term in September, 1924. At an informal meeting of the board it was determined to have such repairs made, and one Joseph J. Bromley and one Fred Nelson (now deceased), members of the defendant board, were named as a committee authorized to proceed with the repairs and improvements necessary. I am of the opinion that when such action was taken there was no thought that the costs thereof would exceed $1,000, though in fact when the work was finally completed the cost totaled $1,199.38.

In pursuance of their authorization, the said Bromley and Nelson got in touch with the defendant Bouley & Buck Lumber Corporation, through its officer, Mr. Buck. Owing to the fact that the supply of labor was scarce, Mr. Buck refused to take the contract offered him unless the representatives of the board would see that the labor was provided, and finally an agreement was reached whereby the defendant Bouley & Buck Lumber Corporation was to take the contract, and the defendant Bromley, for the said corporation, was to employ and supervise the labor, receiving

therefor pay at the rate of one dollar an hour. Following this arrangement, the work proceeded under the supervision of the said Bromley, who from time to time employed various workmen, including his own son and some relatives of another member of the board. The work was finally completed at a total cost of $1,199.38. To apply on such cost the defendant Bouley & Buck Lumber Corporation received two vouchers drawn upon the school fund of the district, and there is still unpaid a balance owing it of $122.35.

In my opinion the arrangement made in reference to the employment of Bromley was one that should not have been made, as it violated the law that a public servant while in the discharge of his public duty may not assume a private duty in conflict with his duty to the public. (*Smith* v. *City of Albany*, 61 N. Y. 444, 446; *People ex rel. Schenectady Ill. Co.* v. *Bd. Suprs.*, 166 App. Div. 758.) And if this were an action on the contract for payment of the contract price, I would feel compelled to dismiss the complaint. However, this is an action brought in equity to obtain a judgment restraining the payment of such unpaid balance, and requiring the repayment back of the sums already paid. I am satisfied from proof that the labor and work was all done in a workmanlike manner; that the materials furnished were of the proper quality and quantity, and that the amounts paid for labor were not to exceed the prevailing rate for labor in the community affected at the time of the transactions. I am further of the opinion that all the acts and transactions were done in the utmost of good faith and in no way resulted in any injury or loss to the board of education or to the property in its charge and under its control, to the school fund or to the city of Lackawanna.

In view of this, I cannot see my way clear to grant the relief asked for in the complaint. I feel to do so would be unjust and inequitable. In view of this I have decided to dismiss the complaint herein, and in view of the fact that the arrangement between Bromley and the contracting firm was one that is open to severe criticism for the reason above stated, and in view of the evident good faith of the plaintiff, such dismissal is to be without costs.