■ PHILIP E. PALADINO, Respondent, v. AMERICAN STEVEDORING COMPANY, Appellant.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. EDWARD C. FRERES, Defendant.— Motion to dismiss an indictment returned by the Grand Jury of the Extraordinary Trial and Special Term of the Supreme Court of the County of Suffolk. By order of this court dated September 30, 1957 defendant was granted leave to inspect the minutes of the said Grand Jury. Motion granted, indictment dismissed, and bail exonerated. In each of two counts, the indictment charges the defendant, while a deputy county clerk of Suffolk County, with having purchased certain interests in real property from the county. The charge is that in making each purchase the defendant committed a misdemeanor in that he thereby involved himself "in a claim and account and demand against and contract with the said County of Suffolk", contrary to section 6 of chapter 107 of the Laws of 1916, as amended (an unconsolidated act providing for a county auditor in Suffolk County), subdivisions 1 and 2 of section 412 of the County Law, and section 29 of the Penal Law. In our opinion, neither the provisions of section 6 of chapter 107 nor those of section 412 of the County Law may be invoked as the source for the maintenance of criminal proceedings. Neither statute in words or context, expressly or by implication, makes the doing of the acts therein prohibited a criminal offense or subjects the actor to criminal prosecution. In this jurisdiction, where common-law crimes have been abolished, the statutory prohibition of an act without provision for any penalty to be meted out under some specified statute does not make the act punishable as a crime (*People* v. *Knapp,* 206 N. Y. 373, 380–381; *People* v. *Conti,* 127 Misc. 244, 249; *People* v. *Ryan,* 267 N. Y. 133, 137; *People* v. *Fein,* 292 N. Y. 10, 14). The statutes here involved are merely directory as to the business procedures to be followed by Suffolk County in its dealings with its officials as to the subject matters there set out and, while these statutes may be civilly invoked to bar the enforcement of departures from these procedures (cf. *Matter of Clarke* v. *Town of Russia,* 283 N. Y. 272, 274; *Matter of Schenectady Illuminating Co.* v. *Board of Supervisors,* 88 Misc. 226, affd. *sub nom. People ex rel. Schenectady Illuminating Co.* v. *Board of Supervisors,* 166 App. Div. 758), or possibly serve as the grounds for removal from office of county officials who neglect observance of the statutory mandates, nothing contained in section 29 of the Penal Law transforms these statutes into criminal statutes (*People ex rel. Warren* v. *Beck,* 144 N. Y. 225, 227). Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISIDORE KAGANOVITCH, Appellant, against WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Murphy, Ughetta and Hallinan, JJ.; Wenzel, J., not voting.

■ YALE WEISBLATT et al., Respondents, v. MARTHA GEISELHART. Appellant, et al., Defendants.— Motion to dismiss appeal granted, with $10 costs, and appeal dismissed. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.