Eugene F. Sullivan, J.
This is a proceeding, pursuant to article 78 of the Civil Practice Act, wherein the petitioner seeks an order (1) reversing or setting aside a determination and order of the respondent, Board of Education of the City School District of Oswego, whereby the petitioner was discharged from his employment as a teacher in the public school system in said district, and (2) directing that he be reinstated to his position as teacher, and (3) that the respondent pay to the petitioner his salary, with interest, from January 1, 1958.
The reason, which the board advances for its determination and order to discharge the petitioner, is that his employment as a teacher and bowling coach in the public school system of the City of Oswego, New York, terminated and ceased, automatically and by operation. of law, on January 1, 1958 upon his assumption of the office of Mayor of the City of Oswego on that date because, by virtue of his office as Mayor, he appoints the members of the Board of Education of the City School District of Oswego, and since the Mayor is a teacher in one of the city district schools, the offices of teacher and Mayor are incompatible, and hence, by petitioner’s assuming the office of Mayor on January 1, 1958, he automatically vacated his position as a teacher in the public school system which the board generally controls and manages.
The facts are undisputed.
*666 On the date of his election to the office of Mayor, on November. 5,1957, petitioner had served as a teacher in the city district high school for a sufficient period of time, and with the required qualifications, to possess a teaching certificate, and he had acquired tenure as prescribed in section 2509 of the Education Law.
On January 1, 1958, the petitioner took the oath of office as Mayor of Oswego, and on the same day, the board caused to be served, on the petitioner, written charges that his employment as a teacher ceased for the reason hereinbefore stated. In the same document, the board gave petitioner notice of a hearing, to be held January 28, 1958, on the question of the termination of his employment with the board.
On January 2, 1958, petitioner reported at the high school to perform his duties as teacher, but he was prohibited from doing so by the high school principal, and for this reason petitioner has not attempted to perform his duties as a teacher but he has continued to perform his duties as Mayor of the city.
The petitioner served a written answer to the charges, and he and his attorney appeared before the board on the scheduled date for the hearing on the question of the termination of his employment.
On a date subsequent to the hearing and prior to February 7, 1958, the board made its determination in the matter as herein-before stated.
The respondent board is comprised of five members, each of whom is appointed for a term of five years, and the term of one member expires each year on June 30.
Although the Mayor appoints the members of the board,-he has no power or authority to remove a member, nor does he have any authority to control or direct the board’s functions, nor has he any right, as Mayor, to participate in the board’s meetings.
The board and the city are completely independent of each other in every respect, except the afore-mentioned appointive power of the Mayor, and a contract between the city and the board for the collection of school taxes by the city.
It is not here claimed that there is an express incompatibility created by the Constitution, statute, city charter or by-law or regulation of the board.
The board invokes the common-law rule that when two public offices or trusts are incompatible with each other the one is not disqualified to be appointed or elected to the other, but his acceptance of the second is in law an implied resignation of the first. This principle is firmly established and generally recog *667 nized by the courts of England and this country. It has also been enforced in this State.
‘' Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. * * * The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law.” (People ex rel. Ryan v. Green, 58 N. Y. 295, 304.)
In the case at bar, the duties of the Mayor of the city and those of a teacher in the city’s public school system are quite independent of each other. In their relations they do not conflict, so that, in the performance of all the duties thereof respectively required by the same person, there is no inconsistency. The position of teacher is not subordinate to, and inconsistent with, that of Mayor, so that, per se, each would interfere with the other. The element of contrariety and antagonism in the discharge of the duties of both offices enters into all such cases as an important element and factor. It can hardly be said that there is any antagonism or contrariety between the position of teacher and the office of Mayor. (People v. Irwin, 166 Misc. 492, 496.)
The relation, which existed between the board and the petitioner as a teacher before his election as Mayor remains the same after his assuming that office. Petitioner’s position as a teacher had no earmarks of officialdom and it is totally lacking in official characteristics, even though a teacher functions under public authority, namely, the board. There are no general powers conferred upon the teacher to act with respect to any functions and duties of the board. Á teacher does not exercise any sovereign power or discharge any judicial duties with respect to the functions and duties of the board in its control and management of the public school system in the district.
By his election to the office of Mayor of the city, petitioner did not acquire any sovereign power to be exercised or any public judicial duty.to.be discharged with respect to the board and the performance of its duties, except the power or authority to appoint members to the board when their terms expire or if a vacancy occurs.
*668 This court can see no inconsistency in the function of the office of Mayor in appointing a member to the board and the functions of a teacher employed by the board. Once the appointment is made by the Mayor, he has no control over his appointee. To assume otherwise would impugn the honesty, honor and integrity of a public official who has been elected to a high public office.
Can it be said That the power to appoint will in any way interfere with the petitioner’s performance of his duties as a teacher? Regardless of the personnel of the board,-petitioner, as a teacher, will be required and obliged to follow the curriculum established by the board, to attend classes assigned to him as the times and places fixed by the board and to practice good behavior and to render efficient and competent service. Furthermore, his employment is by contract with the board for a period, and at a salary, fixed or computed by statute. Above all, the petitioner, as a teacher, is under the supervision of the superintendent of schools of the district and the principal of the school in which he teaches.
A holding that the petitioner should be deprived of his position as a teacher, with tenure, because of his election to the position of Mayor by the voters, who were well acquainted with the fact that he was an employee of the board, and. also, with the fact that, as Mayor, he would have the power of appointment of the members to the board, should be reached, if at all, only with the greatest reluctance, and solely because the clear wording of some statute or the ruling of. some case permits no other determination. No. such statute nor case has been called to this court’s attention, nor has it been able to find any.'
Apparently, the doctrine of incompatibility has never been extended to a situation which involves the power to appoint a third person to an office which might not be held compatible to the office of the appointer, as in the instant case.
Another reason why the petitioner should not be deprived of his position as a teacher is that the common-law doctrine of incompatibility applies to situations where the public office of the person elected is incompatible with a public office previously held by the same person.
This court is of the .opinion that the position of teacher is not a public office.
Mechem, in his work on Public Officers (Vol. 1, pp. 1-2) defines “Public Office” as: “the right, authority, and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the *669 sovereign functions of the government, to be exercised by him for the benefit of the public.”
In Matter of Dawson v. Knox (231 App. Div. 490, 492) the court said: ‘ ‘ The duties of a public official involve some exercise of sovereign power — those of a public employee do not. The one has independent official status; the other has rights under a contract of employment.”
In People ex rel. Hoefle v. Cahill (188 N. Y. 489, 494) the court wrote: ‘ ‘ The essential element in a public office is that the duties to be performed shall involve the exercise of some portion of the sovereign power, Avhether great or small.”
In Kingston Associates v. La Guardia (156 Misc. 116, 122) the court gave approval of the definition of public office which Avas stated in State ex rel. Zevely v. Hackmann (300 Mo. 59, 67):
‘ ‘ In the most general and comprehensive sense a ‘ public office ’ is an agency for the State and a person Avliose duty it is to perform this agency is a ‘ public officer.’ Stated more definitely, a ‘ public office ’ is a charge or trust conferred by public authority for a public purpose, the duties of A\diicli involve in their performance the exercise of some portion of sovereign power, Avhether great or small.”
‘ ‘ A public ‘ office ’ or ‘ trust ’ requires the vesting in an individual of a portion of the sovereign poAvers of the state.” (Ann. 140 A. L. R. 1082.)
‘ ‘ Where a position is created, not by force of law, but by a contract of employment, the employment does not rise to the dignity of an office.” (Ann. 140 A. L. R. 1081.)
As written above, the petitioner, by virtue of his position as a teacher, is not invested with any of the sovereign functions of government nor does his performance of the duties of the position of teacher, in any way, involve the exercise of any sovereign power.
In his position as a teacher, he is not a public officer. He is an employee of the board. His employment is contractual. He is subject to such reasonable regulations as the board may adopt. (People ex rel. Patterson v. Board of Educ. of City of Syracuse, 269 App. Div. 39, 41.)
In Matter of Gelson v. Berry (233 App. Div. 20, affd. 257 N. Y. 551) the petitioner was a teacher in the public schools until she was retired for disability. Thereafter, she Avas appointed an assistant corporation counsel. She was reinstated as a teacher but she was not assigned to any duty. The comptroller declined to pay her salary as assistant corporation counsel on the ground that, under section 1549 of the Greater New York Charter (L. 1901, ch. 466), any person who shall *670 hold or accept any other office connected with the City of New York shall be deemed to have vacated any office held by him. It was argued that, when the petitioner was reinstated in her position as teacher, she vacated her office as assistant corporation counsel. The Appellate Division, in a Per Curiam opinion, wrote (p. 21): “ This argument is fundamentally unsound, for it is well established by authority that a teacher is not a public officer, but is only an employee of the board of education * ’ * * When petitioner was reinstated as a teacher she did hot thereby hold or accept any other city office ’ ’.
.Since the common-law doctrine of incompatibility relates to public offices only, and since the position of teacher is not a public office, the doctrine does not apply in the instant matter.
In its brief, the respondent argues that the common-law rule of' incompatibility should be applied, even in the absence of statutory or constitutional inhibitions. The court agrees with this proposition, and its decision, herein, is based upon that doctrine, solely.
However, in its brief, the respondent advances the argument that subdivision 7 of section 2502 of the Education Law, which provides that no person shall hold, at the same time, the office of member of the board of education and any city office, is obviously designed as a safeguard against public officers intermingling in the administration of public schools. By this argument, the board asks this court to find that the prohibition in the afore-mentioned section should be extended to include, by implication at least, any employee of the board. In answer to this argument, this court is of the opinion that if the Legislature deemed it advisable to prohibit a teacher in the public school system from holding a public office, it would have so provided by statute.
Respondent cites Seaman v. City of New York (172 App. Div. 740) as an authority that public school teachers are employed to discharge a public duty and that they are in a practical sense, public officers. The basis of the action in the afore-cited case, is a contract which was made between the president of a borough and the .plaintiff for his services as an architect in the preparation. of plans, specifications and contract for the erection and completion of a public building whereby the plaintiff was to be paid the usual, customary and legal commissions as allowed to architects. The plaintiff complained that he proceeded'with his contract so far as the defendant would permit and he sues to recover his commissions. The defense was that the plaintiff, during the period of his employment as such architect under thé contract, held a place as draftsman in the department of *671 highways of the borough at an annual salary. The court held. that contracts of this character are repugnant to the common law, which recognizes the possible clash of the individual’s . interest with that of the city as employer of the individual. It is needless to point out that the plaintiff’s contract was made with the same department which employed him as a draftsman. This court fails to see how the Seaman case has any application to the facts in the instant case.
In Wood v. Town of Whitehall (120 Misc. 124) cited by the respondent, a town board was vested by statute with the power to appoint a police justice. It appointed one of its own members to the office. The court ruled that the appointment was contrary to public policy and the general welfare but, again, the facts in the cited case are dissimilar to those in the instant one, and the rule promulgated by the court has no application here.
The determination and order of the respondent, Board of Education, whereby it terminated petitioner’s position as a teacher in the public high school of the City School District of Oswego, is annulled, vacated and set aside, and it is directed that the respondent, Board of Education, reinstate petitioner to Ms position as teacher in said school in said district and that the respondent Board of Education pay to the petitioner his salary, as teacher, from January 1, 1958.
Order accordingly, without costs.