Roscoe V. Elsworth, J.
In this article 78 proceeding the County of Warren seeks to compel the Comptroller of the State *599 of New York to reimburse it for certain moneys expended by its Department of Public Welfare for drugs, medicines and medical supplies purchased by welfare recipients from January 1, 1954 to December 31, 1956.
Under section 153 of the Social Welfare Law, certification by the Department of Social Welfare is made a prerequisite to reimbursement. It would therefore appear that no judicial direction to the Comptroller for reimbursement — even if otherwise found in order — could be made in the absence of such certification. Such issue has not, however, been raised in opposition to this application.
Objection is made by the respondent that the proceeding is one to recover a sum of money againt the State of New York suable only in the Court of Claims and that the proceeding was .not instituted within the time limited by section 1286 of the ■Civil Practice Act. It is deemed unnecessary to pass thereon ¡since the court’s determination as hereinafter made is on the '.basic merits.
During the period in question, two pharmacists, Kiley and Millward, were in the paid employ of petitioner, acting as pharmaceutical consultants to the Professional Advisory Committee ■of the Warren County Commissioner of Welfare. As such they reviewed prescriptions furnished welfare recipients and .approved or disapproved the prices charged therefor. During the three years involved here they approved sales by themselves in the total amount of $70,228.63, and for which by this proceeding the petitioner seeks to enforce 50% reimbursement in the amount of $35,114.31. No claim is made that the two pharmacists involved charged excessively or profited wrongly.
Acquiescense cannot be given to petitioner’s contention that the sales were not made to the county. The fact that welfare recipients could select a pharmacy to have their prescriptions filled does not negate that the purchase price was paid by the county which was actually the purchaser.
Section 412 of the County Law is broad and comprehensive in interdicting any officer or employee in being interested in any claim, account or demand against or contract with the county. Such conduct is legally impermissible. (People ex rel. Schenectady Illuminating Co. v. Board of Supervisors, 166 App. Div. 758.) It does not depend on wrongdoing. What the statute prohibits is any officer or employee bargaining or dealing with himself. Only by a rigid adherence to such rule is eliminated any possible conflict in interest on the part of one occupying a position of public trust.
*600 The expenditures here were made in violation of said section 412 of the County Law. Therefore, the position of the respondent that reimbursement is not legally in order must be sustained. The application is denied accordingly and petition dismissed. Submit order.