Fraistk A. Gulotta, J.
This motion by plaintiff under rule 112 attacks the sufficiency of an affirmative defense and counterclaim pleaded with respect to plaintiff’s fourth cause of action. Briefly, that cause seeks to have the defendant, Mayor Harry Lister of Rockville Centre, return to the village $4,300 which represents the proceeds of a sale of property made by him to the village in 1956. The property was a six-foot-wide strip along the west side of North Centre Avenue purchased in connection with a widening of that street and the price was computed by allowing the Mayor the same unit price which was paid to the owners on the east side of North Centre Avenue for a similar six-foot-wide strip. It is plaintiff’s position that it is immaterial that the price paid was a fair one, since under section 332 of the Village Law and section 1868 of the Penal Law it was an absolutely prohibited transaction.
There can be little question but that the contract complained of here was illegal and unenforcible. (People ex rel. Schenectady Illuminating Co. v. Board of Supervisors, 166 App. Div. 758.) In the Second Department the strict view has been adopted that even a good faith mistake made in ignorance of the law was not a defense in a removal proceeding (Matter of Moran, 145 App. Div. 642), although under similar circumstances the Third Department took a more lenient view. (Matter of Slack, 234 App. Div. 7.)
The doctrine that mere illegality without a showing of municipal loss will not support a taxpayer’s suit under section 51 of the General Municipal Law (Western N. Y. Water Co. v. Buffalo, 242 *1001 N. Y. 202) has no application to such a contract, which is made bad per se whether it works to the disadvantage of the village or not. (People ex rel. Schenectady Illuminating Co. v. Board of Supervisors, supra.)
However, I do not agree with plaintiff’s contention that there is no legal way for the village to acquire and pay for the Mayor’s property, which is needed for a municipal purpose. It seems to me that Justice Zaleski took the correct position in J. J. Carroll, Inc., v. Waldbauer (219 N. Y. S. 2d 436) when he held that section 332 prohibits a sale by contract, but not a taking by condemnation, provided the interested official does not take part in the proceedings to acquire his property. Any other rule would either stultify the village in carrying on its legitimate functions or permit a taking without compensation, two equally insupportable positions.
Nor do I agree with the contention that the Mayor is a wrongdoer in the sense that he should be mulcted of the proceeds of the sale while the village keeps the property. In the first place the court is not being asked to leave the parties where it finds them, but on the contrary to take affirmative action to restore the status quo to the village. Simple justice requires that for this innocent mistake, both parties be placed in status quo. In the Supervisors’ case, in speaking of the amount of $7.44 which was there involved, the court remarked at page 761: “ The amount involved is insignificant; but it is not substance, it is principle, with which we are dealing. Of course, if a large sum of money were involved so that a rejection of the bill would work great hardship and injury upon the relator, we might adhere to the principle but make an exception of this case in order to work out equity; but there is no occasion to do so here. This has been brought practically as a test case and our determination is to be a guide for the future conduct of the officials of Schenectady county and of other counties. If we are to be lax in our construction of the law and grant any license whatever to public officials to bargain with themselves, such a license will quickly be expanded in every direction until the vice which the law is designed to obliterate will grow and thrive enormously.”
It seems to me that we may here have a case which calls for amelioration of the harsh rule and that we return both parties to their original positions.
While the defendants’ pleading does not ask for this form of relief, on a proper showing of facts a rescission can nevertheless be adjudged. (Civ. Prae. Act, § 111.) Carmody-Wait, New York Practice (vol. 5, p. 34) states: “ Generally speaking, as the demand for relief is not part of the cause or causes of action *1002 set forth in a complaint, it is of no operative effect in the determination of a motion to dismiss the complaint for insufficiency. So it is of no consequence upon the motion that the plaintiff may have asked for the wrong relief, or that he may not he entitled to all the relief he seeks, or to any of it, or that the relief sought is inconsistent with the cause of action stated. ’ ’
Here, however, the reply puts in issue practically the entire counterclaim so that the court is not in a position now to make a final disposition of the entire case. In other words, the plaintiff has conceded the truth of the So-called counterclaim for the purposes of his motion but not for the purposes of the whole case.
There is, therefore, an issue to be tried on the allegations of defendant Lister’s good faith and fair dealing which, in this court’s view, would furnish the basis for a decree of rescission, thus relegating the village to a condemnation proceeding to acquire the property.
Accordingly the plaintiff’s motion is granted, hut entry of judgment will be withheld until all the issues have been decided whether by way of a motion for summary judgment or otherwise.