■ ANTHONY SPADANUTA, on Behalf of Himself and All Others Similarly Situated, Appellant-Respondent, v. INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Respondents-Appellants.— In a taxpayer's action pursuant to statute (General Municipal Law, § 51), in which only the fourth cause of action now survives (the first three having been previously dismissed — see 33 Misc 2d 499, revd. 16 A D 2d 966, affd. 12 N Y 2d 895), such fourth cause of action seeking to compel the defendant Lister to refund to the defendant village the sum of $4,300 which it paid to him in 1956 for certain land that it purchased from him by private sale during his tenure of office as Mayor of said village; and in which the defendants Lister and the village, as a complete defense to such fourth cause of action and as a counterclaim for a declaratory judgment, alleged in their answer that the fair market value of the land was in excess of $4,300 at the time of the conveyance, that the cost of then acquiring such land in a condemnation proceeding would have been substantially greater, and that if defendant Lister should now be directed to return the $4,300 he would be entitled to a reconveyance of the land (which is being used as part of a widened public highway) and the village would be compelled to reacquire the title to the land at a cost greatly in excess of $4,300, the parties cross-appeal as follows from an order of the Supreme Court, Nassau County, dated July 30, 1963: (1) Defendants appeal from so much of said order as granted plaintiff's motion: (a) for judgment on the pleadings striking out the answer and the counterclaim of said defendants on the ground that they are insufficient in law; and (b) to amend the *ad damnum* clause in plaintiff's complaint to include the interest from March 15, 1956 on the $4,300 which plaintiff seeks to compel defendant Lister to refund to the village. (2) Plaintiff appeals from so much of said order as directed that the " entry of judgment be withheld until the issues have been decided by way of a motion for summary judgment or otherwise ". [See 38 Misc 2d 999.] Order modified on the law by striking out the entire decretal paragraph, and by substituting therefor: (1) a paragraph denying plaintiff's motion insofar as it seeks to amend the *ad damnum* clause of the complaint so as to include interest; (2) a paragraph granting plaintiff's motion insofar as it seeks judgment on the pleadings with respect to the said fourth cause of action; (3) a paragraph directing the immediate entry of judgment declaring that the deed, dated February 25, 1956, which was delivered by defendant Lister to the village and which was recorded on March 30, 1956, is null and void and ineffective to vest title to the land in the village, and directing that such deed be cancelled of record; and (4) a paragraph directing the defendant · Lister, within 30 days after entry of the

judgment, to refund to the village, without interest, the sum of $4,300 which he received from the village for his invalid conveyance of his land. As so modified, order, insofar as appealed from by the respective parties, affirmed, without costs. The allegations in the pleadings and the admissions of defendants in their answer establish that the Mayor privately sold his real property to the village for $4,300. We consider this sale to be a clear violation of the first part of section 332 of the Village Law. The contract of sale was therefore illegal and void, and the deed based thereon cannot be sustained (see *Matter of Clarke* v. *Town of Russia*, 283 N. Y. 272, 274). Payment of $4,300 for such a void deed is necessarily a waste of public funds, and plaintiff is unconditionally entitled to judgment on the pleadings since the answer raises no issue of fact. Inasmuch as plaintiff does not allege special injuries, distinct from that suffered by all other taxpayers, this action is of an equitable nature and the recovery of interest is discretionary with the court (20 Carmody-Wait, New York Practice, pp. 96–97; 2 Carmody-Wait, New York Practice, § 11, p. 12; CPLR 5001, subd. [a]; former Civ. Prac. Act, § 480; General Municipal Law, § 51; *American Sur. Co.* v. *Conner*, 251 N. Y. 1, 11; *Miller* v. *Schloss*, 218 N. Y. 400, 407). In our opinion, equitable principles would preclude the award of interest herein as matter of law. While the Mayor has had the use of the village's $4,300 for eight years, the village has had the use of his property for the same period. In their counterclaim, defendants seek a declaratory judgment. Under the facts presented they are entitled to such judgment, even though it may be against them (*Marshall* v. *City of Norwich*, 1 A D 2d 498, 500). Accordingly, plaintiff should have judgment on the pleadings directing the defendant Lister to restore the $4,300, without interest, to the defendant village; and judgment should be entered declaring that the Mayor's deed to the village is null and void and ineffective to pass title to the land. It should be noted that the record contains no suggestion of any corrupt intent or desire for personal profit on the part of either the Mayor or the village. Indeed, it appears that all the parties were actuated solely by a desire to spare the village the expense and the delay of acquiring title to the land through a formal condemnation proceeding. Laudable though this aim may be, it cannot justify disregarding section 332 of the Village Law. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.