In the Matter of GERALD DYKEMAN, Respondent, v CAROLYN M. SYMONDS, as County Legislator of District No. 4 of Yates County, Appellant, and L. H. CARPENTER, as County Clerk of Yates County, et al., Respondents.

Fourth Department, November 5, 1976

*Taylor & Taylor (Daniel Taylor* of counsel), for appellant.

*Reynolds E. Hahn* for Gerald Dykeman, respondent.

WITMER, J. The issue presented on this appeal is whether a Motor Vehicle Supervisor of Yates County, appointed by the County Clerk of that county and whose salary is fixed by the County Legislature, who thereafter is elected to a seat on that County Legislature from one of the districts in the county, may serve as such Legislator and continue to hold her position as Motor Vehicle Supervisor. Special Term held that such incumbent must resign from the office of County Legislator or from the position of Motor Vehicle Supervisor; and we affirm.

While employed as Motor Vehicle Supervisor of Yates County under appointment by the Yates County Clerk, respondent Symonds ran for a seat on the County Legislature from the Fourth District of that county and was elected. She assumed office as such Legislator and continued in her employment as Motor Vehicle Supervisor. It is alleged that she receives only a modest salary as such supervisor and is not paid for hours which she devotes to her work as County Legislator, and that as Legislator she refrains from voting on the question of her salary, which is fixed by the County Legislature. For the purposes of this motion and appeal we accept those facts as true.

Petitioner is a citizen, resident and taxpayer of Yates County and instituted this article 78 proceeding by petition

for a judgment requiring respondent Symonds to resign from one of such two offices, claiming that they are incompatible and that respondent is violating the law by holding both positions.

Respondents appeal from the judgment of Special Term denying their motions for dismissal of the petition for failure to state a cause of action, and, instead, granting summary judgment to the petitioner. They contend that (1) petitioner lacks standing to bring this proceeding; (2) there are questions of fact which require denial of summary judgment to petitioner and (3) the positions of County Legislator and County Motor Vehicle Supervisor are not incompatible, and that Special Term's judgment constitutes an unconstitutional disenfranchisement of respondent Symonds and of the voters in her legislative district in Yates County. We shall consider the arguments in that order.

Respondents subdivide into two parts their argument that petitioner lacks standing to bring this proceeding: first, that the Attorney-General has exclusive right to determine by an action quo warranto whether respondent Symonds is unlawfully holding public office and, second, that petitioner lacks sufficient interest in this matter to entitle him to sue.

It has long been recognized that quo warranto, mandamus or prohibition may be employed to determine the right to public office, depending upon the circumstances *(White v Berry,* 171 US 366; *People ex rel. Corscadden v Howe,* 177 NY 499, 505-506; *Matter of Carp,* 179 App Div 387; Executive Law, § 63-b, subd 1). In *White v Berry (supra,* p 377) the court said that jurisdiction to determine title to public office "belongs exclusively to the courts of law, and is exercised either by certiorari, error or appeal, or by mandamus, prohibition, quo warranto or information in the nature of a writ of quo warranto, according to the circumstances of the case".

Generally, mandamus will not lie to try title to an office, the remedy being a quo warranto proceeding (see *Matter of Smith v Dillon,* 267 App Div 39, 42). However, where the issue is one of law and does not require determination of questions of fact, mandamus is a proper remedy *(People ex rel. Bradley v Shaw,* 133 NY 493, 498; *Matter of Schlobohm v Municipal Housing Auth. for City of Yonkers,* 270 App Div 1022, affd 297 NY 911; *Matter of Cullum v O'Mara,* 43 AD2d 140, 145; *Matter of Felice v Swezey,* 278 App Div 958; *Matter of Smith v Dillon, supra).* We find no issue of fact in this case relating to the

essential legal question, and so this article 78 proceeding is appropriate.

There is also no question of fact concerning the duties of respondent Symonds as County Legislator and her compensation as Motor Vehicle Supervisor, and so we find no impediment to the grant of summary judgment.

We hold further that petitioner, as a resident and taxpayer of Yates County, has standing to bring this proceeding. The statute (General Municipal Law, § 801) provides in part "(1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder". That statute, of course, was enacted for the benefit of the community in general, and a citizen who alleges a violation thereof has standing to present the issue in court (*Matter of Andresen v Rice,* 277 NY 271, 281; *Matter of McCabe v Voorhis,* 243 NY 401, 410-411; *Chittenden v Wurster,* 152 NY 345, 363-364; *People ex rel. Boltzer v Daley,* 37 Hun 461, 466-467; *People ex rel. Kay v Swanstrom,* 79 App Div 94; and see *Boryszewski v Brydges,* 37 NY2d 361).

It remains to determine (a) whether the office of County Legislator is legally incompatible with that of Motor Vehicle Supervisor and (b) whether the judgment requiring respondent Symonds to resign from one of her offices results in an unconstitutional disenfranchisement of her and the voters of her legislative district.

"As a general rule, county legislators may hold any other public office unless: (1) there is an express statutory or constitutional prohibition; (2) a local legislative enactment is applicable; (3) it is a position to which the county legislator individually, or as a member of a board, has the power of appointment [citations omitted]; and (4) the offices are incompatible at common law [citation omitted]" (25 Opns St Comp, 1969, p 392). In stating the above rule the State Comptroller declared that under section 411 of the County Law an elected county officer is prohibited from holding any other elective county or town office, but that such officer may hold an appointive office of a city within the county, there being no incompatibility between the county and city offices. In accord with such ruling the Attorney-General has expressed the opinion that a County

Legislator may not be employed on the teaching staff of a county sponsored community college, stating that "since the County Legislature is responsible for approving the salaries for members of the staff of a county sponsored community college, it would be improper for a member of that staff to serve as a County Legislator (1970 Atty. Gen [Inf.] 92)" (1975 Opns Atty Gen. 108, 109).

Authority over hours and wages of county employees, granted to the State Legislature by section 14 of article XIII of the New York State Constitution, has been delegated by the State Legislature to local legislatures (County Law, §§ 204-207). As Motor Vehicle Supervisor the salary of respondent Symonds is fixed by the Yates County Legislature (County Law, § 205; see *Matter of Reese v Lombard,* 47 AD2d 327). Thus, her employment by the county as Motor Vehicle Supervisor while she is also a member of the County Legislature is in direct violation of section 801 of the General Municipal Law above quoted. In enacting that statute the Legislature made findings and stated its "trinity of purposes" as follows, "to protect the public from municipal contracts influenced by avaricious officers, to protect innocent public officers from unwarranted assaults on their integrity and to encourage each community to adopt an appropriate code of ethics to supplement this chapter" (L 1964, ch 946, § 1, last par).

The Legislators and the county employees respectively occupy positions of public trust. Section 801 of the General Municipal Law was enacted to eliminate in this situation temptations for breach of that trust. The fact that respondent Symonds may indeed be able to resist temptation to act in a manner incompatible with the best interests of the county and that she may actually refrain from her duty of participating in the fixation of the salary of Motor Vehicle Supervisor is not enough to permit her to hold both positions. It is the possibility of wrongdoing and the principle involved which bars her from holding these incompatible offices *(People ex rel. Schenectady Illuminating Co. v Board of Supervisors of County of Schenectady,* 166 App Div 758, 761; and see *People v Freres,* 5 AD2d 868; *Matter of County of Warren v Levitt,* 20 Misc 2d 598; 27 Opns St Comp 125).

The rule has thus evolved, "that when two public offices or trusts are incompatible with each other the [holder of] one is not disqualified to be appointed or elected to the other, but his acceptance of the second is in law an implied resignation of

the first" *(Matter of Corsall v Gover,* 10 Misc 2d 664, 666; and see *People ex rel. Sulzer v Sohmer,* 211 NY 565, 566; *People ex rel. Kelly v Common Council,* 77 NY 503, 509; *People ex rel. Ryan v Green,* 58 NY 295, 304; *People ex rel. Earwicker v Dillon,* 38 App Div 539).

Respondent's argument that the judgment results in disenfranchisement of respondent Symonds and the voters in her district is without substance. The power of the State Legislature to fix conditions for office cannot be denied *(People v Purdy,* 154 NY 439). The statute (General Municipal Law, § 801) is an expression of public policy of the State to prevent public officials from acting in circumstances in which their personal interest conflicts with that of the public whose interests they have been elected to represent, and it is the duty of the court to give effect to such policy *(Straus & Co. v Canadian Pacific Ry. Co.,* 254 NY 407, 414). Special Term has done just that, and the only question is whether the statute as so construed constitutes an arbitrary exclusion from office (see *Harper v Virginia Bd. of Elections,* 383 US 663; *Matter of Callahan,* 200 NY 59, 61). Since there is a reasonable basis for the legislation,it is constitutional *(Breedlove v Suttles,* 302 US 277; *Pope v Williams,* 193 US 621).

There is no question of disenfranchisement here. This is not a case where the candidate cannot hold an office to which he was elected (see *Matter of Burns v Wiltse,* 303 NY 319, 324-326; *People v Purdy,* 154 NY 439, *supra).* The judgment in this case does not disqualify respondent Symonds from continuing as County Legislator. It merely requires that she resign from her position as Motor Vehicle Supervisor if she wishes to continue as County Legislator. The choice lies with her.

The judgment should, therefore, be affirmed.

MARSH, P. J., MOULE, SIMONS and DILLON, JJ., concur.

Judgment unanimously affirmed, with costs.