Requestor: Alfred J. Sciarrino, Esq., County Attorney Livingston County Box 215 Geneseo, New York 14454
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a member of the county board of supervisors may also serve as a dispatcher in the county sheriff's department.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The county board of supervisors is the legislative and administrative arm of county government. (Some counties have executive officers, such as county executives who exercise certain administrative powers under a county charter or local laws.) The dispatcher in the sheriff's department is a county employee.
In several opinions of this office, we have concluded that it is incompatible to serve as a member of the legislative body and as an employee of the same municipality. 1987 Op Atty Gen (Inf) 78; 1986 Op Atty Gen (Inf) 140; 1984 Op Atty Gen (Inf) 84; 1981 Op Atty Gen (Inf) 181; see, also, Matter of Dykeman v Symonds, 54 A.D.2d 159, 162-164 (4th Dept 1976). The local legislative body, in its capacity as administrative and legislative arm of government, would have responsibility for supervision and direction of employees of that municipality. The local legislative body would be responsible for determining compensation of employees and for evaluating job performance. Thus, we found in the above-cited opinions that one position would be subordinate to the other, establishing incompatibility under the standards enunciated in theRyan case.
We note that the doctrine of compatibility of office is a court-made rule of law based upon public policy concerns. In our opinion, in a proper case the doctrine can be overcome by local law. A local government is authorized to adopt and amend local laws consistent with the Constitution and general State laws in relation to the
 "powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees . . .". Municipal Home Rule Law § 10(1)(ii)(a)(1).
Under this grant of authority, we believe that a local legislative body may provide that two local positions may be held simultaneously by the same person. The question whether it is in the public interest to overcome the doctrine of compatibility of office would be made by the local legislative body based upon local conditions. The extent of the incompatibility must be balanced against the benefit to the public of permitting a person to hold both positions. For example, in a rural area there might be a shortage of persons with the required expertise willing to serve in government.
We conclude that the positions of member of a county board of supervisors and dispatcher in the county sheriff's department are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.