William J. Better, Esq. Informal Opinion County Attorney No. 95-35 County of Columbia 401 State Street Hudson, N Y 12534
Dear Mr. Better:
You have asked whether a person may serve simultaneously as a member of the board of supervisors of Columbia County (the legislative body) and as a social welfare examiner of the Columbia County Department of Social Services.
You have indicated that there are 23 members of the board of supervisors, including the individual in question who serves as supervisor for a ward in the City of Hudson. He was elected to that position in November 1993 for a two-year term, expiring on December 31, 1995.
This individual was hired as social welfare examiner on March 6, 1995 after a competitive civil service examination. The social welfare examiner determines financial eligibility for programs administered by the local social services department in accordance with State regulations. You have informed us that the social welfare examiner is supervised on a day-to-day basis by a senior or principal social welfare examiner who in turn is supervised by the director of income maintenance. The commissioner of the department of social services has ultimate responsibility for the operations of the county department of social services. The commissioner is appointed for a specific term in accordance with the Social Services Law.
Social welfare examiners fall within a collective bargaining agreement which covers their terms and conditions of employment.
You have indicated that the subject individual does not sit on the committee of the legislative body which deals with the department of social services. He has announced his intention not to seek reelection when his term expires on December 31, 1995.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Rvan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
In prior opinions of this office we have found that membership on the county legislative body is incompatible with positions of employment in the county. Op Atty Gen (Inf) No. 91-42 and other opinions cited therein; Op Atty Gen (Inf) No. 87-25. We emphasized the county legislative body's power to fix the terms and conditions of employment, including compensation, for all employees paid from county funds. Further, in Op Atty Gen (Inf) No. 87-25 we also found one position is subordinate to the other in that the county legislative body has responsibility for the supervision and direction of the employees of the municipality.
Under the facts you have related, the three-year collective bargaining agreement was agreed to prior to the individual's employment as the social welfare examiner and extends beyond the completion of his term as a member of the board of supervisors. Thus, terms and conditions of employment, including salary, are fixed through the completion of his tenure as a legislator. Further, you have indicated that the commissioner of social services is directly responsible for running the department of social services, including the discipline of employees.
In our view, despite the above factors, the two positions are incompatible. The county legislature, on an annual basis, controls the budget of the department of social services. Like any other department head, the commissioner of social services requests a departmental budget for each year. In our view, the legislator in question has a conflict of interests in considering the social services budget request. Certainly, there is at least a perception that he would have a conflict of interests inresources for the department where he and his agency colleagues are employed and in reviewing a request made by the commissioner of social services, his supervisor on a day-to-basis. Further, one reasonably might ask how the commissioner of the department of social services can supervise impartially a legislator upon whom he depends, as a member of the board of supervisors, for budget approval and approval of basic departmental policies.
We have found that where there is a substantial, inevitable conflict in the duties of two positions, they are incompatible. Op Atty Gen (Inf) No. 88-13. The fact that an individual may be able to resist temptation to act in a manner incompatible with the best interests of the county does not resolve the problem. See, Matter of Dykeman v Symonds,54 A.D.2d 159 (4th Dept 1976). It is the possibility of wrongdoing and the principle involved which bars the holding of incompatible offices.Ibid. In a prior opinion, we have found a disqualifying conflict based only on departmental budget approval. Op Atty Gen (Inf) No. 88-13.
We conclude that a person may not serve simultaneously as a member of the board of supervisors and as the social welfare examiner of Columbia County.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions