In the Matter of the Application of JOSEPH F. KELLY, Appellant, for a Peremptory Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.*

First Department, January 15, 1932.

*Austin B. Mandel*, for the appellant.

*Henry J. Shields* of counsel [*Cornelius Bregoff* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

McAVOY, J.   Petitioner is a civil service employee of defendant. He is employed as an inspector of masonry and carpentry in defendant's bureau of maintenance and construction.   His salary is $3,600 per year.   He has tenure of position under section 872, subdivision 2-a, of the State Education Law (added by Laws of 1923, chap. 594).

On July 20, 1931, petitioner was suspended from duty without pay until charges should be preferred against him and trial.

No charges were preferred against him at the time of his suspension, and up to the commencement of this proceeding, October 21, 1931, no charges were served upon petitioner.

The suspension was ostensibly the result of facts adduced in an investigation of the bureau of construction and maintenance conducted by a special committee of defendant.

* Affd., 259 N. Y. ——.

The special committee was appointed May 29, 1931. It began its investigation June 3, 1931, and continued until June 10, 1931. It resumed sessions June 12, 1931, and continued until some time prior to June 22, 1931, when it rendered a report that some six inspectors, including petitioner, were guilty of irregularities.

The defendant has not brought this inspector to trial as yet, but suspended him without pay and without charges having been served or filed against him.

On October 29, 1931 — eight days after petitioner commenced this proceeding — the charges were finally served upon petitioner. He has not been brought to trial.

Petitioner is unable to state when his case will be reached for trial. Meantime petitioner has received no salary since July 20, 1931.

Petitioner has been in the employ of the defendant and of the city of New York for over twenty-five years. No other charges have ever been preferred against him.

The power of the board of education to suspend petitioner must be found either in the Greater New York Charter or in the State Education Law.

Section 1569-a of the Greater New York Charter (added by Laws of 1913, chap. 694) reads as follows: "Except as otherwise specially provided the head of a city department * * * vested with the power of appointment and employment; in addition to existing powers, may, in his discretion, suspend, for not more than one month without pay, any officer or employee * * * pending the hearing and determination of charges against him or the making of any explanation, as the case may be. * * *"

Section 868, subdivisions 9 and 10, of the State Education Law (added by Laws of 1917, chap. 786) gives the board of education power to adopt rules and regulations for the government of the system. Assuming that these sections empower defendant to suspend an employee, nevertheless when it does make such suspension, the suspended employee must be brought to trial at the next regular meeting of the board of education.

The State Education Law does not expressly authorize, as does section 1569-a of the charter, a suspension without pay. It is, therefore, not certain that the board of education has power to suspend without pay. But assuming that it has such power, it must proceed to trial at its next regular meeting.

If petitioner was suspended under section 1569-a of the Greater New York Charter, the suspension should have been limited to one month, viz., to August 20, 1931. If petitioner was suspended under the State Education Law, he should have been brought to trial not later than July 22, 1931, the next regular meeting

of the board of education following the suspension. Since said date, regular meetings have been held on August 12, 1931; September 9, 1931; September 23, 1931; September 29, 1931; October 14, 1931; October 28, 1931; November 11, 1931; November 25, 1931, and December 9, 1931. We think that petitioner is entitled to reinstatement as of the date of the next regular meeting of the board of education after his suspension.

The order should be reversed, with ten dollars costs and disbursements, and petitioner's application for reinstatement granted, with fifty dollars costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Ordered reversed, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs. Settle order on notice.