In the Matter of JAMES BARMONDE, Respondent, against ABRAHAM KAPLAN et al., Constituting the Municipal Civil Service Commission of the City of New York et al., Appellants.

(Argued January 3, 1935; decided February 26, 1935.)

*Paul Windels,* Corporation Counsel (*Paxton Blair, Seymour B. Quel* and *Edmund L. Palmieri* of counsel), for appellants. Since the suspension of the petitioner was made in good faith and since another person has been paid by the city for the services which would have been performed by the petitioner had he been retained, the petitioner should not have been allowed to compel a

double payment by the city. (*Nichols* v. *MacLean*, 101 N. Y. 526; *Stemmler* v. *Mayor*, 179 N. Y. 473; *Martin* v. *City of New York*, 176 N. Y. 371; *Higgins* v. *Mayor*, 131 N. Y. 128; *Terhune* v. *Mayor*, 88 N. Y. 247; *People ex rel. Walker* v. *McAneny*, 139 App. Div. 88; 202 N. Y. 551; *Jones* v. *City of Buffalo*, 178 N. Y. 45; *Matter of Domschke* v. *Cukor*, 194 App. Div. 755; *Connor* v. *County of Erie*, 172 App. Div. 934; *Prowler* v. *City of New York*, 216 App. Div. 824; 243 N. Y. 607.)

*H. Eliot Kaplan* for respondent. It is proper to incorporate in the final order provision for payment of back salary if the payment of such salary is warranted by the circumstances of the case. (*Thoma* v. *City of New York*, 263 N. Y. 402; *Matter of Arnow*, 241 App. Div. 861; *People ex rel. Goring* v. *Wappinger Falls*, 151 N. Y. 386; *Matter of Kelly* v. *Board of Education*, 234 App. Div. 239; 259 N. Y. 518; *Matter of Spivak*, 264 N. Y. 491; *Bradshaw* v. *City of Schenectady*, 240 App. Div. 746; 262 N. Y. 703; *Kearney* v. *Brearton*, 263 N. Y. 610; *Burgey* v. *Brearton*, 263 N. Y. 609.)

CRANE, Ch. J. The petitioner formerly occupied a civil service position as an inspector of painting with the Board of Transportation of the city of New York. He had been in the employ of the city for over fifteen years. On June 30, 1933, the petitioner was suspended from his position for reasons of economy. Preference in retention was granted to two disabled war veterans occupying positions similar to the petitioner's, but who had been with the city for only a year or more. On October 20, 1933, the petitioner commenced this proceeding for a mandamus order to compel his reinstatement and the payment of all back salary to him on the ground that the preferences granted to the alleged veterans, his juniors in service, were a violation of the Civil Service Law (Cons. Laws, ch. 7).

After the decision of this court in *Matter of Clancy* v. *Halleran* (263 N. Y. 258), the petitioner's application was

granted and he was reinstated, the order directing that he should receive full pay from July 1, 1933, the date of his suspension, to the date of his reinstatement. This peremptory mandamus order was entered February 24, 1934.

The Corporation Counsel concedes the correctness of the petitioner's claim to reinstatement, and has appealed solely for the purpose of testing the propriety of that portion of the order which directed the payment of his full salary from the date of his suspension to the date of his reinstatement. When the city illegally removed the petitioner, the veteran or veterans, younger in service, received the compensation which should have gone to him. By the order below the city is required to pay twice for the same work; it has paid the veteran who was retained and it must now pay the petitioner who was dismissed. The authorities do not justify such a result. In *Thoma* v. *City of New York* (263 N. Y. 402) this court said that where the incumbent has been removed from his position either by a change in grade or removal from office, his remedy is at least in the first instance by a mandamus for his restoration wherein, if successful, suit for compensation becomes unnecessary, and we further intimated that a mandamus for reinstatement requires action without delay. The circuity of proceeding, first by mandamus and then by action, was said by us to be unnecessary where the claimant was entitled to his pay. When and under what circumstances a reinstated employee should receive compensation for the period of his removal was not decided or in question. Where the position has not been filled, is left vacant and the city has paid no one for the work, it may very well be that the incumbent, illegally removed, should get his compensation. Whether even then deduction should be made for what he has earned in the meantime we need not now consider. Where, however, the city has put another person to do the petitioner's work and paid him for it, the petitioner

— the removed employee — is not entitled to his back pay; the nature of the procedure, whether by mandamus or action, is entirely immaterial; the right does not exist, whatever the procedure may be. The *Thoma* case was not a case of removal, but a reduction in salary, and the city was out no money by paying another.

*Matter of Kelly* v. *Board of Education* (234 App. Div. 239; affd., 259 N. Y. 518) had reference to a suspension of a civil service employee by the Board of Education, under section 1569-a of the Greater New York Charter (Laws 1901, ch. 466; added by Laws 1913, ch. 694), or section 868, subdivisions 9 and 10 of the Education Law (Cons. Laws, ch. 16). The petitioner was suspended, pending charges, and the courts decided that, granting that the Board had power to suspend without pay, the suspension should have been limited, as provided in the sections referred to, either to one month or to the next meeting of the Board. The right to back pay, as distinguished from the remedy to be pursued to get it, was not involved.

This court, in *Martin* v. *City of New York* (176 N. Y. 371); *Stemmler* v. *Mayor* (179 N. Y. 473); and the Appellate Division, in *Sutliffe* v. *City of New York* (132 App. Div. 831), have passed upon the right of an employee illegally removed to recover his salary, whether the right is sought to be enforced by mandamus or by action. This court said in the *Martin* case:

" It is well settled in this State that ' payment to a *de facto* public officer of the salary of the office, made while he is in possession, is a good defense to an action brought by the *de jure* officer to recover the same salary after he has acquired or regained possession,' and that the remedy of the latter is by action against the former. * * * These decisions rest upon the principle that the public cannot be compelled to pay twice for the same services, and that the officer charged with the duty of paying salaries is not required to go behind the commis-

sion or the certificate of election and, at his peril, decide difficult questions of fact or law, but may make payment to the person who occupies the office and performs its duties.

" It is, however, insisted that the rule does not apply to this case, because the plaintiff was not a public officer but an employee holding a contractual relation to the city. * * * The rule governing payments to a *de facto* officer is founded in public policy and applies with the same force to payments made to a *de facto* occupant of a position of public employment although not an officer " (p. 373).

The other two cases repeat the same rule.

That part of the order, therefore, from which the city has appealed, giving to the petitioner his back salary, from the time of removal to the time of his reinstatement, must be reversed, without costs.

The order, in so far as appealed from by the city, should be reversed, and the application for payment of salary during the period of suspension denied, without costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Ordered accordingly.