teacher having been accepted by the board of education and she having appealed to the State Commissioner of Education from the refusal of the board to permit her to withdraw her resignation after the same had been duly accepted, and the Commissioner, after hearing the allegations and proofs of the parties, having dismissed the appeal and it appearing that his action was not arbitrary or unreasonable, such decision is final and conclusive under section 890 of the Education Law. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the BOND AND MORTGAGE GUARANTEE COMPANY. In the Matter of the Plan of Readjustment, etc., of the Rights of the Holders of Investments in a Certain Mortgage Covering Premises Known as 2257 University Avenue, Borough of Bronx, City and State of New York, Guaranteed by Bond and Mortgage Guarantee Company, Guarantee No. 210579. Petition of MILTON TURKEL, Appellant, for an Allowance as Attorney. GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, and Others, Respondents.— Order denying appellant's motion for an allowance affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

In the Matter of the Application of FRANK M. PETERKIN and CHRIST SVENDSEN, Respondents, for an Order of Mandamus against GEORGE U. HARVEY, as President of the Borough of Queens, and/or JOHN J. HALLERAN, as Commissioner of Public Works of the Borough of Queens, Appellants, and Others.— In a mandamus proceeding to compel the reinstatement of petitioners in their respective positions in the civil service in the department of public works, borough of Queens, and for the recovery of their salaries during the period of suspension, peremptory mandamus order modified by striking out the provisions thereof requiring the payment to petitioners of back pay for the period from May 31, 1933, to the date of their reinstatement, and, as so modified, unanimously affirmed, with costs to the respondents, on the authority of *Matter of Barmonde* v. *Kaplan* (266 N. Y. 214). Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

ROSE KLIPPEL, Appellant, v. STEEPLECHASE AMUSEMENT COMPANY, Respondent.— Action to recover damages for personal injuries sustained by plaintiff while a passenger in one of defendant's amusement cars upon its scenic railway in Coney Island. Judgment dismissing the complaint at the close of the case affirmed, with costs. No opinion. Appeal from the denial of plaintiff's motion for a new trial and from the order dismissing her complaint dismissed. The order dismissing the complaint is not contained in the record. An appeal does not lie from the mere denial of a motion. Lazansky, P. J., Carswell, Scudder and Johnston, JJ., concur; Young, J., dissents.

LONGKEN, INC., a Taxpayer of the City of Long Beach, in the State of New York, Suing on Behalf of Itself and Other Taxpayers in Said City Similarly Situated, Plaintiff, v. CITY OF LONG BEACH and Others, Defendants.*— On the agreed statement of facts, judgment directed for defendants, with costs. Lazansky, P. J., Carswell and Scudder, JJ., concur; Young and Johnston, JJ., dissent in so far as this decision sustains the statute in question in its entirety, being of the opinion that the property owners whose properties are assessed for the improvement are entitled to have deducted from the aggregate cost of the improvement,

* Affd., 268 N. Y. ——.