GEORGE J. KUNZ et al., Respondents, *v.* CITY OF NEW YORK, Appellant.

First Department, June 28, 1955.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*Emil K. Ellis* (*Jonas Ellis* with him on the brief), for respondents.

RABIN, J. Plaintiffs were and most of them still are employed by the sanitation department of the City of New York as crane enginemen. They were appointed from competitive civil service lists and prior to March 15, 1945, were paid on a per diem basis for 313 days a year at the then prevailing rate of $15 a day. They earned $4,695 annually. On the date mentioned, as a result of instructions from the director of the budget and because of budgetary changes resulting from a rise in prevailing wage rates, plaintiffs and others similarly employed were offered agreements providing for a yearly salary of $4,000 for 313 days of work. Plaintiffs refused to accept the agreement and thereafter continued as per diem employees, but were only given employment for 250 days in each year. They continued to be so employed until each of them, at varying times signed annual contracts. The last such contract was signed in 1948. This action was instituted in 1950 by plaintiffs to recover the prevailing wage rate per diem for the days lost during the

period commencing March 15, 1945, and ending February 2, 1948, as the result of their being allowed only 250 days each year.

Because of the reduction in the number of plaintiffs' working days the city employed provisionals to fill the gap for there had been no reduction in the amount of work that had to be done. These provisionals were paid for and performed the work for which plaintiffs now seek to recover.

The city takes the position that plaintiffs being per diem employees are subject to the rule of " No work, no pay." On the other hand plaintiffs contend the rule does not apply in this case because the work was available, they were willing to perform it and were illegally deprived of it by the device of employing provisionals.

There is little doubt that the city had no right to employ provisionals in the circumstances shown (*Matter of Sheridan* v. *Kern,* 255 App. Div. 57, 60; *Matter of Britt* v. *Kern,* 279 N. Y. 701; Civil Service Law, § 15). The fact, however, is that the city did employ provisionals and continued to do so during the period for which plaintiffs seek the additional pay. It is also the fact that during this same period, that is from March 15, 1945, to February 2, 1948, plaintiffs made no attempt to compel the city to discontinue the employment of provisionals. Had they done so it seems clear that under the decisions referred to the city would have been compelled to discontinue the practice. The present action was not commenced until more than five years after March 1, 1945, the date when the city reduced plaintiffs' working days to 250 per annum. Plaintiffs after that date worked only five instead of six days a week. The sixth day's work, thus lost to plaintiffs, was absorbed by the provisionals. Although plaintiffs neither worked on that sixth day each week, nor took any steps to compel the city to cease employing provisionals, they now demand that they be given the pay.

The learned court below in a carefully considered opinion held that the city may not deprive civil service employees of work by substituting in their place, provisional employees. We agree entirely with that conclusion. But on the facts of this case we think that before allowing recovery it is necessary to go further and determine whether plaintiffs, by their failure to contest sooner the unlawful action of the city, have not themselves barred a recovery.

While as indicated the city was clearly wrong in 1945 in hiring provisionals to perform the work that would have been done by plaintiffs who had civil service status and were thus entitled to the protection of the laws enacted for their benefit, nevertheless

we feel that there was a duty on the part of the plaintiffs at that time to take some action to correct the wrong. Having failed to take that action it may be said that to that extent they acquiesced in the situation.

We do not think that plaintiffs are entitled to receive the unearned pay. It has been held by the Court of Appeals in the case of a civil service employee wrongfully discharged and subsequently reinstated, that he may not recover back pay where it has been paid to another (*Matter of Barmonde* v. *Kaplan*, 266 N. Y. 214, 216–217).

" Where, however, the city has put another person to do the petitioner's work and paid him for it, the petitioner — the removed employee — is not entitled to his back pay ".

Subsequent to the *Barmonde* case, section 23 of the Civil Service Law was amended so as to permit an employee to recover back wages that he had lost because of a wrongful removal from his position. In our view section 23 is not applicable to this case. In the first place the plaintiffs are certainly not within the letter of the section which requires that the employee shall have been restored to his position or employment by order of the Supreme Court. No such order was either sought or obtained. Secondly, section 23 apparently was intended to provide for the recovery of back pay by a discharged employee, where without that section he would have no other remedy except reinstatement.

However, plaintiffs here, who were per diem employees, had a clearly defined remedy and that was by way of a proceeding to stop the city from employing provisionals. Since the action of the city in depriving plaintiffs of work by the device of employing provisionals was unlawful full relief could have been obtained in such a proceeding. (*Matter of Barmonde* v. *Kaplan*, *supra; Thoma* v. *City of New York*, 263 N. Y. 402.) And that relief should have been sought by plaintiffs at the time the wrong was committed, namely, in 1945 and not by an action instituted in 1950. It was indicated in the *Thoma* case (p. 407) that an employee may not sleep on his rights but must promptly assert his claim.

" While an action may be maintained under certain circumstances to recover a salary fixed by law or by contract   *   *   * yet where the incumbent has been removed from his position either by change of grade or removal from office his remedy is at least in the first instance by mandamus for his restoration, wherein, if successful, suit for compensation becomes unnecessary. Mandamus requires acting without delay — an alert attention to an asserted claim."

Had plaintiffs acted promptly in 1945 in securing a court determination as to their rights the situation might have been entirely different for in that event plaintiffs might have been given per diem employment of 313 days annually. But no claim was made nor was any action commenced by plaintiffs until long after the grievances had ceased to exist. In these circumstances we think plaintiffs are not entitled to be paid for the work which was performed by others (*Matter of Barmonde* v. *Kaplan, supra*).

We do not overlook the decisions which hold that where there is a continuing duty imposed by law or statute to pay fixed salaries the mere lapse of time in seeking redress will not be considered a bar. This case does not seem to fall within that class of cases for it does not appear that there was any duty either under law or statute which required the city to give 313 days of employment to these per diem employees.

Plaintiffs moved during trial to amend the complaint so as to include claims for breach of contract. The notice of claim served on the comptroller having contained no such claim it is doubtful that it could be properly asserted at the trial, but assuming that it was, we find that on the merits plaintiffs failed to establish any claim for breach of contract.

The judgment in plaintiffs' favor should be reversed and the complaint dismissed on the merits but without costs. In view of this disposition it becomes unnecessary to discuss the other questions raised and considered in the trial court's opinion.

The judgment should be reversed and complaint dismissed on the merits, without costs.

CALLAHAN, J. P., COHN, BREITEL and BASTOW, JJ., concur.

Judgment unanimously reversed and judgment is directed to be entered in favor of the defendant dismissing the complaint herein on the merits, without costs.