Herbert D. Hamm, J.
TMs is a proceeding under article 78 of the Civil Practice Act to compel the Commissioner of Harness Racing and the State Harness Racing Commission to issue forthwith to the petitioner a license to participate as an owner in harness horse race meets.
On June 5, 1957, the petitioner received notice of refusal of license. On the same day he mailed to the respondents a demand for hearing pursuant to section 47 of the Pari-mutuel Revenue Law (L. 1940, ch. 254, as amd. by L. 1954, ch. 510).
Section 47 provides as pertinent: “ If the state harness racing commission shall refuse to grant a license applied for under this act * .* * the applicant * * * may demand, within ten days after notice of the said act of the commission, a hearing before the commission and the commission shall give prompt notice of a time and place for such hearing * * * The commission may, if occasion shall require, by order, refer to one or more of its officers, the duty of taking testimony in such matter, and to report thereon to the commission, but no determination shall be made therein except by the commission. Within thirty days after the conclusion of such hearing, the commission shall make a final order in writing, setting forth the reasons for the action taken by it and a copy thereof shall be served on such applicant or licensee, as the case may be. The action of the commission in refusing to grant a license or in revoking or suspending a license shall be reviewable in the supreme court in the manner provided by and subject to the provisions of article seventy-eight of the civil practice act.”
On June 10,1957, the petitioner received notice that a hearing would be held on June 13, 1957. On June 12, 1957, he obtained an order to show cause bringing on this proceeding and staying the hearing and all further proceedings pending the final determination of this application.
The petition is dismissed, the stay is vacated and the order to be submitted will provide that the commission give prompt notice of a time and place for hearing.
The proceeding is prematurely brought. The petitioner contends that he cannot have a fair hearing and that exhaustion of the administrative remedy requested by bim and granted by the commission as required by law would be inadequate. After hearing had the petitioner, if so advised, may raise the issue *660 that the hearing was unfair or inadequate as well as other issues. The cases cited by the petitioner on futility of exhaustion of remedy relate to exhaustion of internal remedies in labor unions; they do not apply to a hearing mandated by law on the petitioner’s application.
This proceeding is in the nature of mandamus and Special Term may exercise reasonable discretion.
Submit order in accordance with the foregoing on two days' notice.