Thomas Aloi, J.
Petitioner moves for an order pursuant to article 78 of the CPLR, annulling respondents’ determination suspending petitioner, reinstating petitioner with back pay to his position as Accounting Clerk II in the Department of Public Works, Division of Highways, and granting a writ of prohibition enjoining respondents from attempting to discipline petitioner based upon petitioner’s employment from November, 1970, until his reinstatement. Respondents have conceded that petitioner is entitled to back pay, but oppose immediate reinstatement and the issuance of a writ of prohibition.
The facts, briefly stated, indicate that on June 1, 1970, petitioner took and passed a civil service examination and was subsequently certified as an Accounting Clerk II. In November, 1970, he commenced working for the Department of Public Works, Division of Highways, Onondaga County. Petitioner performed his duties for said department until February 6, 1973, when he was, by letter, suspended without pay. No charges were presented against him at that time. On March 6, 1973, petitioner’s suspension was vacated and he was placed back on the payroll of said department with full salary and proper adjustments, but not authorized to return to work, until a full hearing on the merits of the suspension was held. No charges were presented against petitioner nor was there any hearing scheduled or pending at that time. In December of 1973, petitioner was again suspended without pay from his position, but still was not presented with any formal charges for *238 Ms suspension. On or about May 16, 1974, petitioner was furnished with a notice and statement of charges, wMch alleged, inter alia; insubordination, gross inefficiency and persistent unauthorized absences. Presentation of these charges was thus made approximately 15 months after his first suspension and five months after his second suspension. Petitioner answered in writing on May 31, 1974, generally denying the allegations. Since this date, there has not been a plenary adjudication of the merits of this case, due to sundry delays and postponements requested by both parties.
Respondents have conceded that it owes petitioner back pay in excess of the 30 days immediately after his February 6, 1973 suspension through the date scheduled for the final determination of this case. This payment will still be due even if petitioner is ultimately, permanently discharged from his position. (Matter of Amkraut v. Hults, 21 A D 2d 260, affd. 15 N Y 2d 627.) Therefore, tMs court must only decide the issues of petitioner’s immediate reinstatement and whether a writ of proMbition should be issued precluding the respondents from disciplining petitioner based upon the charges contained in the May 16 notice of statement of charges.
Respondents have relied on Matter of Prezio v. De Santis (38 A D 2d 772) for authority that petitioner is not entitled to immediate reinstatement. The court held that: “ Although subdivision 3 of section 75 of the Civil Service Law limits suspension without pay for a period not exceeding 30 days, it does not prohibit suspension from duties for a longer period, nor does it mandate reinstatement after such period if the charges have not been determined.”
This court recognizes the significance of Prezio (supra) but feels compelled to distinguish it from the case at bar on two critical grounds.
The 30-day limit on suspensions was first enacted in 1941, prior to which public employees had frequently been suspended by superiors who were lax in preferring charges or fixing hearing dates. (Matter of Kelly v. Board of Educ. of City of N. Y., 234 App. Div. 239, affd. 259 N. Y. 518.) This provision was inserted to correct this situation, and evidenced a legislative intent to fully and expeditiously resolve these types of situations. Even without a proscribed time limitation for reinstatement as Prezio (supra) indicates, a rule of reason must be, applied concerning the reasonable duration of a suspension. This court firmly believes that an employee’s salary is an incident of his employment and that neither the Legislature nor the *239 courts ever intended to allow a county or city government to continue making salary payments over a period of 20 months to a civil service employee who was physically and mentally capable, but was not working. In Prezio (supra), the judgment of the Trial Term was entered May 27,1971. In contrast, in the case at bar over 20 months have elapsed since petitioner’s initial suspension on February 6, 1973, and no final resolution of this matter has taken place.
Furthermore, in Prezio (supra), the court’s holding recognized that the suspension itself was done in accordance with the proscribed procedural due process mandates of subdivision
2 of section 75 to wit: giving written notice of the charges to the accused prior to his suspension. In the case at bar, petitioner was not given written notice of the charges filed against him until almost 15 months after his first suspension and five months after his second suspension. This court believes that to legitimize this situation would be to severely jeopardize the public’s interests by imposing an unreasonable tax burden on the citizens of this community. This court feels that petitioner’s suspension was improperly imposed and unjustifiably prolonged and that therefore petitioner is entitled to be reinstated immediately.
Petitioner has asked this court to issue a writ of prohibition enjoining respondents from attempting to discipline petitioner based upon his employment from November, 1970 until his reinstatement. Petitioner asserts that the language of subdivision 3 of section 75 of the Civil Service Law which reads in part: “ Pending the hearing and determination of charges * * * the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days ” indicates a legislative intent that hearings on charges should not be unreasonably protracted but disposed of expenditure, i.e., within 30 days of suspension (Matter of Amkraut v. Hults, supra). Tiwo purposes of the “ speedy trial ” rule are to allow the accused to use witnesses who are not lost and whose memories are not dulled, and to relieve him of the anxiety and public suspicion upon him. (Matter of Watts v. Supreme Ct. of State of N. Y., Crim. Term, County of Tioga, 36 A D 2d 17.)
The Court of Appeals has said of the remedy of prohibition: “ The remedy is an extraordinary one which lies within the discretion of the court. * * * The writ does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily *240 corrected on appeal.” (Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26, 39.) There is available to petitioner a complete and adequate remedy at law in the form of a hearing pursuant to section 75 of the Civil Service Law. Until this administrative remedy for review has 'been exhausted it would be premature for this court to issue a writ of prohibition or grant an article 78 proceeding. (Suppus v. Bradley, 278 App. Div. 337; Matter of Eldred v. Monaghan, 6 Misc 2d 658; Matter of Spina, 127 N. Y. S. 2d 253; Matter of Touwers Mgt. Corp. v. Thatcher, 271 N. Y. 94.)
Furthermore, this court believes that it would be an improvident exercise of its discretion to issue a writ of prohibition for no compelling evidence has been adduced which establishes that this prolonged delay will prejudice petitioner’s rights and that a full and fair hearing cannot be held.
Accordingly, petitioner’s motion for immediate reinstatement is granted. Respondents are ordered to pay petitioner his back pay from December, 1973, to the date of his reinstatement, in accordance with this decision, less any income earned by petitioner from other employment during his suspension. Furthermore, petitioner’s request for a writ of prohibition is denied and an immediate plenary hearing on the merits of his suspension is ordered pursuant to section 75 of the Civil Service Law.