**Robert I. COE et al., Plaintiffs,**

v.

**Louis J. FRANK, Individually and as Commissioner of Police of Nassau County Police Department, et al., Defendants.**

**No. 74 C 1536.**

United States District Court,
E. D. New York.

April 1, 1975.

**493**

Richard M. Gaba, Mineola, N.Y., for plaintiffs; David N. Stein, Hempstead, N.Y. of counsel.

John F. O'Shaughnessy, Nassau County Atty., Mineola, N. Y., for Police Dept.

Louis J. Lefkowitz, Atty. Gen. of N.Y., New York City, intervenor pro se; Joel Lewittes and Jesse J. Fine, Asst. Attys. Gen., of counsel.

## OPINION

Before MULLIGAN, Circuit Judge, and DOOLING and PLATT, District Judges.

PLATT, District Judge.

On October 9, 1974, the individual plaintiffs were suspended without pay from their positions as automotive mechanics for the defendant POLICE DEPARTMENT OF NASSAU COUNTY by the defendant LOUIS J. FRANK, Commissioner of that Department pending a hearing on certain, and at that time, unspecified charges.

All of the plaintiffs bring this action under the Civil Rights Act, 42 U.S.C. § 1983, to enjoin the enforcement of and to declare unconstitutional §§ 75, subd. 2 and 75, subd. 3 of the McKinney's Consol.Laws, c. 7, Civil Service Law of the State of New York (hereinafter the Civil Service Law) governing removal and disciplinary proceedings against Civil Service employees.

Plaintiffs' application for a temporary restraining order was denied and their motion for a preliminary injunction and declaratory relief have been referred to this Three-Judge Court.

The history of this proceeding is somewhat lengthy but is important for an understanding of this Court's decision.

In November of 1973 the Civil Service Employees Association (CSEA) of which the plaintiff COE was an officer, member of the Contract Negotiating Committee and shop steward for the Police Department mechanics, filed with the Public Employment Relations Board (PERB) charges that the Police Department had committed an unfair labor practice by unilaterally denying new police mechanics necessary tools for their work.

In early 1974 the defendants charged COE with insubordination and a hearing was held before Deputy Chief Inspector Weingarten who had been designated as a Trial Commissioner by the defendant Police Commissioner FRANK.

In June of 1974 Inspector Weingarten rendered a report finding plaintiff COE guilty but recommended no penalty, and on July 1, 1974, the defendant Police Commissioner accepted the findings of such hearing officer and fined plaintiff COE five days pay.

In the meanwhile on May 9, 1974 plaintiffs COE and GALES, and another employee, John McManus, were charged with insubordination for refusing to take part in a trash detail on March 27, 1974.

Both COE and GALES pleaded not guilty, claiming that the assigned work fell outside their Civil Service job specification and the plaintiff COE claimed, in addition, that he was physically unable to perform the assigned task.

A hearing was held on these charges on August 14, 1974, before Inspector Christopher Quinn who found COE and GALES guilty but again did not recommend a penalty.

On October 8, 1974, the defendant Commissioner confirmed the Inspector's finding and fined COE 15 days pay and GALES 10 days pay. Plaintiffs claim that none of them was informed of the Commissioner's decision until October 10, 1974.

In the meantime, on October 8, 1974, COE and GALES were directed for the first time since March 27 to participate again in the trash removal detail. When both of them refused they were suspended without pay by the Commissioner for 30 days pending a hearing. Charges were subsequently served on the plaintiffs COE and GALES and a hearing was scheduled by Deputy Chief Inspector Frank Klecak. Two days prior to the scheduled hearing plaintiffs commenced this action and as indicated above sought without success to stay the hearing by an application for a temporary restraining order.

The hearing on these most recent charges of insubordination was held as scheduled and on December 2, 1974, defendant Commissioner, after receiving Inspector Klecak's finding that the individual plaintiffs were guilty, confirmed such finding and terminated their employment with the Nassau County Police Department.

Pursuant to Section 76, subd. 1 of the Civil Service Law plaintiffs COE and GALES have appealed the determinations of the defendant Commissioner of October 8 and December 2, 1974 in accordance with the provisions of Article 78 of the Civil Practice Law and Rules.

During the course of all of the foregoing COE was involved with various other union activities which apparently brought him in further conflict with his superiors. In May of 1974 Inspector Hildebrand attempted to enforce for the first time defendants' hair and grooming regulations against the automotive mechanics. Within a week thereafter plaintiffs' attorney wrote Inspector Hildebrand demanding that he cease enforcing such regulations against the mechanics and on July 7, 1974 the plaintiffs brought an action in this Court to declare such regulations unconstitutional and to enjoin its enforcement. (This action was later discontinued).

On August 1, 1974 the plaintiffs filed further unfair labor practice charges against the defendants with PERB alleging that defendants were discriminating against the individual plaintiffs because of their union activities. A PERB hearing was held on these charges on October 10, 1974, at which the plaintiffs claim they learned for the first time of Commissioner Frank's decision of October 8, 1974. It is understood that an appeal has also been taken by the plaintiffs from an adverse PERB decision to the Appellate Division, Second Department.

Plaintiffs' complaint seeks not only to declare Section 75, subd. 2 and 75, subd. 3 of the Civil Service Law unconstitutional on the grounds that they do not provide an adequate pre-suspension process and that they do not provide for an impartial hearing prior to termination but also various other relief and damages against the defendants. This Three-Judge Court was convened to consider only whether the plaintiffs were entitled to a preliminary injunction on either or both of the first two grounds and, if they were, to provide appropriate preliminary relief.

Section 75 of the Civil Service Law provides in pertinent part as follows:

"1. Removal and other disciplinary action. A person described in paragraph (a), or paragraph (b), or paragraph (c), or paragraph (d) of this subdivision shall not be removed or otherwise subjected to any disciplinary

penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section.

"(a) A person holding a position by permanent appointment in the competitive class of the classified civil service, or

"(b) a person holding a position by permanent appointment or employment in the classified service of the state or in the several cities, counties, towns, or villages thereof, or in any other political or civil division of the state or of a municipality, * * *

* * * * * *

"2. Procedure. A person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing. The hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose. In case a deputy or other person is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body and shall make a record of such hearing which shall, with his recommendations, be referred to such office or body for review and decision. The person or persons holding such hearing shall, upon the request of the person against whom charges are preferred, permit him to be represented by counsel, and shall allow him to summon witnesses in his behalf. The burden of proving incompetency or misconduct shall be upon the person alleging the same. Compliance with technical rules of evidence shall not be required.

"3. Suspension pending determination of charges; penalties. Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days. If such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service; provided, however, that the time during which an officer or employee is suspended without pay may be considered as part of the penalty. If he is acquitted, he shall be restored to his position with full pay for the period of suspension less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period. * * *"

As indicated, plaintiffs' contentions are two-fold; the first that their suspension for thirty days without pay was a violation of their rights under the Due Process clauses of the Fifth and Fourteenth Amendments to the Constitution and that this question was "clearly and plainly determined" in their favor by the Supreme Court of the United States in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), and more recently in Pat Healey, et al. v. Leonard Mars, et al. (N.D.Ga. 1975), Civil Action 74–1803A, (Morgan, C. J., Moye, D. J. and Freeman, D. J.) and, secondly, that since under Section 75.2 of the Civil Service Law, their termination hearing must be held by the officer or body having the power to remove them or by a deputy or other person designated by such officer or body, in writing, for that purpose, this also violates the Due Process clauses on the ground that any such hearing officer is necessarily not impartial, again citing Arnett v. Kennedy, *supra*, as their primary authority.

The threshold question which this Court must consider is whether these issues are "unripe and premature" and whether as a matter of comity, an opportunity should first be given to the New York State courts in the pending appeals to determine these and other questions raised in such appeals. *Cf.* Weiss v. O'Hara (S.D.N.Y.1973) and See Erdmann v. Stevens, 458 F.2d 1205 (2d Cir.), cert. denied 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972), and Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In a sense, the constitutional issue under Section 75.3 cannot arise until it is clear as a matter of New York Law that the subsection authorizes suspension before any written charges have been made and a copy furnished.

As the Court pointed out in the oral argument, a decision by this Court could well be rendered academic and moot if the plaintiffs were to prevail in the Appellate Division, Second Department, or the Court of Appeals on any of their three appeals now pending.

Plaintiffs argue nonetheless that they may well be precluded under Jerry v. Board of Education, et al., 35 N.Y.2d 534, 364 N.Y.S.2d 440, 324 N.E.2d 106 (1974) from raising the constitutional questions posed here in an Article 78 proceeding or appeal. But the issue of interpretation of authority to suspend in the circumstances presented is inescapably before the Article 78 Court, and we are not, in any event, however, persuaded by this argument. In the first place, there is seemingly nothing to prevent the plaintiffs from commencing a declaratory judgment action in the Supreme Court and moving to have the same consolidated with one or more of their pending appeals thereby insuring that the Appellate Courts of the State will have an opportunity to review all of the issues involved. Secondly, they might apply to the Appellate Division to convert a portion of one or more of the proceedings into an action for a declaratory judgment under CPLR 103(c) on

the addition at the Appellate level of the Attorney General as a necessary party.

Although the second alternative was not permitted in the *Jerry* case, it would appear that the reason therefor was because there had not yet been a hearing on the merits and that "they (it) may later be raised * * * on any judicial review of the determination to be made". Such, of course, is not the case here where there has been such a determination on the merits.

Moreover, plaintiffs' constitutional questions with respect to the structural bias of their termination hearing would appear to be part of their appeal, and not part of a "full spectrum" "constitutional assault" on Section 75 of the Civil Service Law such as was criticized by the Court of Appeals in the *Jerry* case. Similarly, it would seem that one of the main questions on their appeal would be whether defendants have complied with Section 75, subd. 3 of such Law in that they failed to furnish the plaintiffs with written charges until after they had been suspended in contravention of the language of the statute which provides:

"Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges *have been* preferred may be suspended without pay for a period not exceeding thirty days." (Emphasis added).

As an adjunct to any such argument, plaintiffs' contention that such presuspension process was unconstitutionally inadequate under Arnett v. Kennedy, *supra*, could certainly be advanced, without the same being necessarily regarded as a collateral constitutional assault on the statute.

Furthermore and in this connection, at least one New York Court has very recently indicated that "a suspension without pay" is "other disciplinary action" for the purposes of Section 75.2 of the Civil Service Law so that before a person may be suspended without pay

out pay he must have written notice that suspension without pay is proposed and the reasons why it is proposed and must be furnished a copy of the charges against him and given at least eight days to respond in writing. Fegert v. Mulroy, Misc., 363 N.Y.S.2d 67 at p. 69 (Onondaga Co., Dec. 31, 1974). If this interpretation be adopted by the Appellate Courts in plaintiffs' pending appeals, this might well resolve the first and perhaps most substantial of plaintiffs' two constitutional objections. Harris County Commissioners Court v. Moore, 420 U.S. 77, 95 S.Ct. 870, 43 L. Ed.2d 32 (1975).

In the *Moore* case, *supra*, the Supreme Court said:

"In Railroad Comm'n of Texas v. Pullman Co. 312 U.S. 496 [61 S.Ct. 643, 85 L.Ed. 971] (1941), the Court held that when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state law question and thus avoid the possibility of unnecessarily deciding a constitutional question. Since that decision, we have invoked the 'Pullman doctrine' on numerous occasions, E. g., Lake Carriers Assn. v. MacMullan, 406 U.S. 498 [92 S.Ct. 1749, 32 L.Ed.2d 257] (1972); Askew v. Hargrave, 401 U.S. 476 [91 S.Ct. 856, 28 L.Ed.2d 196] (1971); Reetz v. Bozanich, 397 U.S. 82 [90 S.Ct. 788, 25 L.Ed.2d 68] (1970); Harrison v. NAACP, 360 U.S. 167 [79 S.Ct. 1025, 3 L.Ed.2d 1152] (1959); Spector Motor Service Inc. v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944); * * *"

In any event, this Court, as a matter of comity, ought not to issue the requested preliminary injunction while State Court appeals and agency proceedings, both initiated by the plaintiffs, are in progress.

This Court's decision in this respect is, of course, without prejudice to plaintiffs' right to pursue this action on the merits and the aforesaid constitutional questions in the event that they are not considered or properly resolved by the State Courts.

For the foregoing reasons plaintiffs' motion for a preliminary injunction is denied.

So ordered.