■ In the Matter of the CITY OF MOUNT VERNON et al., Appellants, v STATE OF NEW YORK BOARD OF EQUALIZATION AND ASSESSMENT et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered February 26, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Board of Equalization and Assessment which modified the penalty imposed upon respondent Evan A. Rubino dismissing him from his position as Assessor of the City of Mount Vernon. Respondent Evan A. Rubino was appointed as the Assessor of the City of Mount Vernon, New York, by petitioner Thomas E. Sharpe, Mayor of the City of Mount Vernon. His term of office commenced on October 1, 1977, and was to last for a period of six years.

In October, 1980, the Mayor asked Rubino for his resignation from office, but Rubino refused to resign. Subdivision 7 of section 1522 of the Real Property Tax Law provides that an appointing authority (the Mayor herein) may remove an assessor from office for "just cause" after a hearing upon notice. Acting pursuant to this section, the Mayor commenced disciplinary action against Rubino. The charges preferred against him included a failure to establish residency in the city as required by law, several charges of negligence in the preparation of assessment rolls, gross negligence in a tax certiorari proceeding, a failure to provide adequate protection to the city in proceedings to review tax assessment protests, attempting to persuade a public official to make false statements and a failure to timely file personnel data relating to absences, sick leaves and vacations. An additional charge of negligence in failing to prepare an analysis of all sales of real estate within the city was subsequently added. A hearing was conducted and in due course the hearing officer issued his report and recommendation. He found respondent Rubino guilty of several of the charges and not guilty of several others. Rubino was found guilty of failing to establish residency in the City of Mount Vernon until he knew charges were preferred against him, negligence regarding preparation of assessment rolls, gross negligence in the handling of a tax certiorari proceeding, negligence in failing to properly supervise subordinates and a failure to timely file personnel data regarding absences, sick leaves and vacations. As a penalty, the hearing officer recommended that Rubino be removed from office. By letter dated May 15, 1981, the Mayor of the City of Mount Vernon specifically adopted the findings and recommendation of the hearing officer and dismissed respondent Rubino from office. In July, 1981, a new assessor was appointed. Pursuant to subdivision 7 of section 1522 of the Real Property Tax Law, respondent Rubino appealed the Mayor's determination to the State Board of Equalization and Assessment (SBEA). A hearing officer was appointed to hear the appeal and written and oral arguments were presented. On October 29, 1981, the hearing officer issued a report and recommendation. The hearing officer held that the "just cause" standard for removal of assessors from office implied a standard similar to that found in section 36 of the Public Officers Law and therefore held that removal from office is warranted only where there has been misconduct or malfeasance in office or when the assessor lacks the practical skill and judgment necessary to be an effective assessor. The SBEA hearing officer held that the first charge against respondent Rubino, failure to establish residence, was an issue which could not be considered in determining whether there was just cause for removal. Specifically, the hearing officer found that just cause concerns performance in office whereas a residency requirement concerns entitlement to office, an issue which must be addressed in a separate proceeding. As to the remaining charges, it was held that although respondent Rubino had committed certain errors in performing the duties of his office, these errors did not amount to misconduct or malfeasance in office or rise to such a level of incompetence as warranted dismissal from office. The hearing officer therefore recommended that the penalty of dismissal be modified to a one-month suspension from office and that respondent Rubino be reinstated to his position as assessor and reimbursed for back pay less one month's salary. By Resolution 81-107, SBEA adopted the findings and recommendation of its hearing officer. Petitioners thereupon commenced the instant proceeding to review the determination of SBEA. Special Term, after refusing to transfer the proceeding to this court, held that SBEA's determination was reasonable and should not be disturbed. This appeal ensued. Preliminarily, petitioners assert that Special Term erred by not transferring the instant proceeding to this court. However,

since it is the determination of SBEA, which did not involve a hearing, that is subject to review in this article 78 proceeding, Special Term properly refused to transfer this proceeding (see CPLR 7804, subd [g]; 7803, subd 4; *Matter of Shurgin v Ambach,* 83 AD2d 665, 666, affd 56 NY2d 700). We now turn to the substantive issues. In this regard, pursuant to subdivision 7 of section 1522 of the Real Property Tax Law, an assessor may be removed from office by the appointing authority for "just cause", and if such a determination is made, it is reviewable by SBEA, which, upon review, "shall affirm, reverse or modify" such determination. Upon review of petitioners' determination dismissing respondent Rubino, SBEA held that removal for "just cause" implied a standard similar to that found in section 36 of the Public Officers Law, which predicates dismissal on a finding of misconduct, maladministration, malfeasance or malversation in office (see, e.g., *Matter of Deats v Carpenter,* 61 AD2d 320). SBEA also noted that removal would be justified where an assessor lacked the skill, judgment and capability necessary to be an effective assessor. Petitioners, however, contend that "just cause" may not be construed in this manner, urging that removal from office is warranted upon a finding of negligence in the performance of the duties of office. It is well established that the construction given statutes by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (*Matter of Howard v Wyman,* 28 NY2d 434, 438). SBEA is specifically given authority to review disciplinary action taken against an assessor (Real Property Tax Law, § 1522, subd 7), and, as such, has the power to determine what "just cause" sufficient for removal of an assessor from office means (cf. *Friedman v State of New York,* 24 NY2d 528, 540). As noted above, SBEA defined "just cause", as used in subdivision 7 of section 1522 of the Real Property Tax Law, to mean some type of affirmative misconduct or malfeasance in office or the lack of such skill and capability as is necessary to be an effective assessor. We fail to find such a construction of the statute irrational or unreasonable. On the contrary, such a construction is consistent with the level of cause required for the removal of other public officials (see Public Officers Law, § 36; *Matter of Deats v Carpenter,* 61 AD2d 320, *supra*). Petitioners next contend that it was improper for SBEA to modify the penalty imposed upon respondent Rubino. Specifically, petitioners contend that the initial penalty of dismissal, imposed after a full hearing, was supported by the record and warranted by respondent Rubino's acts of misconduct. However, SBEA is expressly given the authority to modify such a penalty (Real Property Tax Law, § 1522, subd 7) and SBEA's determination cannot be set aside unless it is found to be arbitrary or capricious (CPLR 7803, subd 3; *Matter of Shurgin v Ambach,* 83 AD2d 665, affd 56 NY2d 700, *supra*). A review of the record fails to substantiate petitioners' argument that SBEA acted arbitrarily or capriciously when it modified the penalty of dismissal. Petitioners further contend that there were several other errors of law committed by SBEA. As noted previously, one of the charges initially raised against respondent Rubino was that he failed to meet the residency requirement imposed by the City of Mount Vernon. SBEA held that this issue was not germane to proceedings pursuant to subdivision 7 of section 1522 of the Real Property Tax Law, and, accordingly, declined to determine whether respondent Rubino could be removed from office pursuant to this charge. Contrary to petitioners' contention, SBEA properly held that questions of an assessor's residency are not properly addressable in a proceeding pursuant to subdivision 7 of section 1522 of the Real Property Tax Law. Rather, jurisdiction to determine title to public office belongs exclusively to the courts, and is exercised either through a *quo warranto* proceeding or an article 78 proceeding, according to the circumstances of the case (see *Matter of Dykeman v*

*Symonds,* 54 AD2d 159; *Matter of Anderson v Krupsak,* 51 AD2d 229, revd on other grounds 40 NY2d 397). This being the case, entitlement to public office, an issue for judicial determination, was reasonably found by SBEA not to be reviewable in a proceeding held to determine whether there is "just cause" for removal (Real Property Tax Law, § 1522, subd 7). We would note that the SBEA decision in no way precludes petitioners from challenging respondent Rubino's entitlement to office in an appropriate proceeding (see *Matter of Dykeman v Symonds, supra; Matter of Anderson v Krupsak, supra).* Petitioners next contend that SBEA did not have the authority to compel the city to reimburse respondent Rubino for his back pay. In this regard, absent an express statutory provision allowing the payment of back pay to a wrongfully discharged employee, a political subdivision cannot be compelled to make such payments because it would constitute an unconstitutional gift of public funds (*Matter of Mullane v McKenzie,* 269 NY 369). Since respondents have pointed to no authority allowing the payment of back pay to respondent Rubino, we must conclude that the city cannot be compelled to pay respondent Rubino for work he did not perform. This is particularly true where, as here, another person has been hired and paid to do the work of the discharged individual (see *Matter of Barmonde v Kaplan,* 266 NY 214; *Kunz v City of New York,* 286 App Div 252, 255, affd 3 NY2d 834). We have examined petitioners' remaining contentions and find them unpersuasive. Judgment modified, on the law, by granting the petition to the extent that so much of SBEA's determination as directed the city to reimburse respondent Rubino for back pay is annulled, and petition in all other respects denied, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.