In the Matter of the Application of ROBERT V. SLACK, Petitioner, for the Removal of ROBERT J. STUART and Others, as Trustees of the Village of Speculator, N. Y., Respondents.

Third Department, December 4, 1931.

*Carl L. McMahon,* for the petitioner.

*Charles E. Hardies,* for the respondents.

PER CURIAM. The contracts between the respondents individually and the municipality of which they were officers were illegal and unenforcible under the common law (*Smith* v. *City of Albany,* 61 N. Y. 444) and statutes (Village Law, §§ 332, 333 ). A village trustee acting in his official capacity, should not contract with himself as an individual. The duties and interests of vendor and vendee, employer and employee, are incompatible. The dual obligations should not be attempted by one individual. The acts of the respondents were misdemeanors (Penal Law, § 1868), but did not *per se* under the statute work a forfeiture of the offices held. Official misconduct on the part of certain public officers forfeits their positions of trust under the statute. (Penal Law, § 1854.) The unintentional misconduct of these respondents does not come within this statute.

This proceeding is under section 36 of the Public Officers Law, and we may remove an officer for misconduct or malfeasance in

office, if we determine that the acts of misconduct or malfeasance require so severe a penalty. We believe it is not required under the conditions shown here, for while the acts were *malum prohibitum*, our consideration of the lack of self interest and knowledge of the illegality involved in the several transactions is not prohibited.

We should adopt the report of the referee and find the facts to be as stated therein, and effectuate the recommendation that the charges be dismissed because of the absence of improper motives of the respondents.

All concur.

Report of Hon. John E. Sawyer adopted, and application for the removal of Robert J. Stuart and Stanley G. Schoonmaker, as trustees of the village of Speculator, N. Y., denied, without costs. The compensation and disbursements of the referee and the stenographer to be paid to the amount and according to the stipulation of the parties. The application for the removal of respondent Brooks is dismissed, the charges against him having been withdrawn.