Hon. Richard J. Lehner Counsel, Buffalo Municipal Housing Authority
This is in response to your letter received February 2, 1978 wherein you ask for an opinion of the Attorney General whether a tenant who is also an employee of the Buffalo Municipal Housing Authority may seek the office of commissioner to said Authority and if successful become a commissioner.
Public Housing Law, § 30(5), provides in part:
 "5. Notwithstanding any other provision of law, each authority having supervision over one hundred or more occupied dwelling units and not located in a city having a population of more than one million shall include as members two tenants elected by the residents of the authority's housing for terms of two years each. * * *"
Public Housing Law, § 32(1), authorizes a municipal housing authority to employ a general manager, a secretary, technical experts and such other officers, agents and employees as it may require and determine their qualifications, duties and subject to the approval of the locallegislative body, fix their compensation.
General Municipal Law, § 801, prohibits interests in certain contracts with municipalities and certain public agencies by their employees and officers, but does not cover under its provisions amunicipal housing authority which under Public Housing Law, § 3(2) is "a public corporation which is a corporate governmental agency." General Municipal Law, § 802(1)(h), makes an exception in its conflicts of interest prohibitions in a case where a contract with such municipality or public agency, in which an officer or employee has an interest, was entered into prior to the time he was elected or appointed, but in no event authorizes a renewal of such contract.
In a formal opinion of the Attorney General (1951 Opns Atty Gen 109), it was stated:
 "Although various statutes proscribe a municipal officer's having a personal interest in a contract with his municipality, the courts have stated that these statutory provisions are merely declaratory of the common law rule. (Matter of Clarke v. Town of Russia, 283 N.Y. 272, 274; Matter of Slack, 234 App. Div. 7). * * * I feel that, in consonance with the spirit of the common law, a member of a housing authority should be held to the same standard of conduct as that of a municipal officer."
In People ex rel. Ryan v Green, 58 N.Y. 295 (1874), a landmark case of incompatibility of offices, Judge Folger stated at page 304:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are imcompatible at common law. * * *" (Emphasis supplied.)
It is apparent that a commissioner of the Buffalo Municipal Housing Authority pursuant to provisions of Public Housing Law, § 32 (1) would have jurisdiction to determine the qualifications and duties of its officers and employees and to fix their compensation. If the same person served as commissioner and officer or employee at the same time, an incompatibility in the functions of the two positions of the Buffalo Municipal Housing Authority would arise as enunciated in the language contained in People ex rel. Ryan v Green, supra.
From all of the foregoing, we conclude that a common law conflict of interest would ensue if the same person at the same time served as an officer or employee and commissioner for a municipal housing authority. We further conclude that pursuant to Public Housing Law, § 30(5), a tenant of the Buffalo Municipal Housing Authority, who is also an employee of said Authority, may lawfully seek the office of commissioner of said Authority and if successful may become a commissioner upon resigning his position of employment.